Opinion Issued May 4, 2006

















In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00352-CR




ALLEN JAMES GRANGER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 1010803




MEMORANDUM OPINION
          A jury found appellant, Allen James Granger, guilty of aggravated robbery and
assessed punishment at life in prison and a $10,000 fine. See Tex. Pen. Code Ann.
§ 29.03 (Vernon 2003). In three points of error, appellant argues that (1) the evidence
was legally and factually insufficient to sustain his conviction and (2) the trial court
committed reversible error by denying appellant’s motion for mistrial when the
prosecutor made an improper reference to the range of punishment during closing
arguments. 
          We affirm.Background
          At approximately 4:00 p.m. on February 16, 2003, the complainant, Catherine
Cisneros, was accosted by appellant as she walked to her apartment from the complex
parking lot at 12905 Woodforest in Harris County. The complainant testified that
appellant pointed a gun at her face and demanded the keys to her vehicle. The
complainant surrendered her keys, and, after a brief struggle, appellant took the
complainant’s bag. At this point, appellant took possession of the complainant’s
white Toyota SUV and, upon being warned by an accomplice waiting nearby in a
vehicle that the complainant was using her cell phone, sped away. 
          Ten days after the incident, while on patrol, Constable L. Clark spotted
appellant parked in a white Toyota SUV in the parking lot of Cunningham Middle
School. Recognizing appellant from their prior relationship and knowing that
appellant had no driver’s license, Clark approached appellant and asked who owned
the car and whether or not appellant had a driver’s license. After appellant told Clark
that the vehicle belonged to his girlfriend’s mother, Clark told him that she would
have to come get the car because appellant did not have a license. Clark allowed
appellant to leave on foot to find her, but appellant never returned. While appellant
was gone, Clark checked the vehicle’s plates and learned that the sheriff’s department
wanted the vehicle for its involvement in a robbery.
          Harris County Deputy Sheriff S. Davis found appellant’s fingerprint inside the
stolen vehicle. When the complainant picked up her vehicle from the sheriff’s
storage lot, she noticed a gun between the driver’s seat and console. Although Davis
did not recover any latent fingerprints on the gun, the complainant confirmed at trial,
while being cross-examined, that she was sure that the gun found was the gun
(Exhibit 6) used in the robbery.
          J. Dupre, a firearms examiner with the Harris County Sherriff’s Department,
testified that Exhibit 6 was an “air soft gun,” a replica of existing firearms, capable
of shooting 6 millimeter plastic BB’s. Dupre testified that by the time Exhibit 6 came
into the laboratory the gun did not function, but that she could not determine when
it had stopped functioning. Dupre identified the pellet found inside the magazine of
the gun as potentially capable of being fired from the gun if it was, in fact,
functioning at the time of the robbery, although she could not say at what velocity. 
When asked if a BB shot by an air soft gun was capable of causing serious bodily
injury, Dupre testified that was outside the scope of her expertise. Dupre further
testified that Exhibit 6 looked similar to a Heckler and Koch nine millimeter pistol,
which she conceded was a deadly weapon. The jury also heard testimony from
Officer S. McCoy, who testified that a BB gun can cause serious bodily injury. 
          The trial court granted appellant’s motion for an instruction of acquittal as to
paragraph one of the indictment, which alleged that appellant had used a firearm in
the commission of the robbery. The second count of the indictment included a charge
for aggravated robbery with a deadly weapon, namely a BB gun, and the lesser-included offense of robbery. The jury returned a verdict of guilty as to aggravated
robbery with a deadly weapon and assessed punishment at life in prison.
Legal and Factual Sufficiency 
          In his first and second points of error, appellant argues that the evidence
presented at trial was legally and factually insufficient to sustain his conviction. 
Specifically, appellant argues that he cannot be guilty of aggravated robbery with a
deadly weapon because the BB gun used in the commission of the robbery was not
a firearm and because the Harris County Sheriff’s Department firearms examiner
could not testify as to whether that BB gun could cause serious bodily injury.
Legal Sufficiency
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine whether any rational fact finder could
have found the essential elements of the crime beyond a reasonable doubt. Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); King v. State, 29 S.W.3d 556,
562 (Tex. Crim. App. 2000). Although our analysis considers all evidence presented
at trial, we may not re-weigh the evidence and substitute our judgment for that of the
fact finder. King, 29 S.W.3d at 562. 
          A conviction for aggravated robbery requires that the State prove that the
defendant committed a robbery and either “causes serious bodily injury to another,”
or “uses or exhibits a deadly weapon.” Tex. Pen. Code Ann. § 29.03(a)(1), (2). A
deadly weapon is “anything that in the manner of its use or intended use is capable
of causing death or serious bodily injury.” Id. § 1.07(a)(17)(B) (Vernon Supp. 2005).
          Here, Officer S. McCoy testified that a BB gun can cause serious bodily injury. 
Accordingly, legally sufficient evidence supports the jury’s finding that the BB gun
was a deadly weapon. See Adame v. State, 69 S.W.3d 581, 582 (Tex. Crim. App.
2002) (holding that, “[w]ith testimony that a BB gun is capable of causing serious
bodily injury, it is reasonable for a jury to make a deadly weapon finding”).           We overrule appellant’s first point of error.
Factual Sufficiency
          In his second point of error, appellant argues that the evidence is factually
insufficient to establish that appellant committed aggravated robbery with a deadly
weapon. 
          In conducting a factual sufficiency review, we view all the evidence in a
neutral light and will set aside the verdict only if the evidence is so weak that the
verdict is clearly wrong and manifestly unjust, or the contrary evidence is so strong
that the standard of proof beyond a reasonable doubt could not have been met.
Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v.
State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004)). The jury evaluates the
credibility and demeanor of witnesses and determines the weight afforded
contradicting testimony. Cain v. State, 958 S.W.2d 404, 408–09 (Tex. Crim. App.
1997).
          To support his argument that the evidence is factually insufficient, appellant
relies on the testimony of Dupre, who testified that “this is out of my scope of
expertise” when asked whether the BB gun could cause serious bodily injury. 
Appellant does not cite any other evidence that makes the jury’s finding factually
insufficient. Although Dupre could not answer the State’s question, Officer McCoy
testified that the BB gun was capable of causing serious bodily injury. Because the
jury is the sole judge of the credibility of the witnesses, the jury could have chosen
to believe Officer McCoy that the BB gun was capable of causing serious bodily
injury. Accordingly, we conclude that the evidence is factually sufficient to establish
that appellant committed aggravated robbery with a deadly weapon. 
          We overrule appellant’s second point of error.
Motion for Mistrial
          In his third point of error, appellant argues that the trial court abused its
discretion by denying appellant’s motion for mistrial. Specifically, appellant argues
that a fair and impartial trial was not possible once the prosecutor, during closing
arguments of the guilt-innocence stage of the trial, improperly argued the range of
punishment for the lesser offense of robbery. 
          We review a trial court’s denial of a motion for a mistrial under an abuse of
discretion standard, recognizing the court has broad powers to deal with unexpected
situations occurring at trial. See Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App.
1999); Sapata v. State, 574 S.W.2d 770, 771 (Tex. Crim. App. 1978). We should
uphold the trial court’s ruling if it is within the zone of reasonable disagreement. 
Wead v. State 129 S.W.3d 126, 129 (Tex. Crim. App. 2004).
          Appellant objects to the following exchange:
[State]:        We spent a lot of time, all of us did, actually, during voir
dire, talking about the difference between aggravated
robbery and robbery. Right? Robbery is a theft of
property committed using some force. It turns into an
aggravated robbery, though, when that force is with a
deadly weapon. It is because it is more serious. It is
because people do things differently when they feel like
their life is in danger, when they feel like they can lose an
organ or a limb. It is because it is more serious that the
ranges of punishment are different. As it was discussed
with you during voir dire, it’s 2 to 20 years—
 
[Defense]:   Objection, Your Honor, totally improper at argument to
them tell the range of punishment. This is guilt only.
 
[Court]:       All right. Let’s stay away from the matter pertaining to
punishment at this time, and speak only to the issue of guilt
or innocence.
 
[Defense]:   Judge, may I have a ruling on my objection?
 
[Court]:       Sustain the objection.
 
[Defense]:   Ask the jury to be instructed to disregard the last
comments.
 
[Court]:       Jury is instructed to disregard any matters to punishment at
this time.
 
[Defense]:   Judge, as a matter of law, make a motion for mistrial.
 
[Court]:       That will be denied. 
 
          Here, the State improperly commented about punishment during the guilt-innocence stage of trial. See McClure v. State, 544 S.W.2d 390, 393 (Tex. Crim.
App. 1976) (holding that closing argument “that appellant should not be convicted
of manslaughter because it carried a lesser punishment, but should be convicted of
murder because of the greater penalty” was harmful). Although the State made an
improper reference to the range of punishment during its closing argument, the harm
will generally be cured by an instruction to disregard unless the statements were so
manifestly improper as to inflame and prejudice the minds of the jury. Bruton v.
State, 921 S.W.2d 531, 536 (Tex. App.—Fort Worth 1996, pet. ref’d). 
          After reviewing the record, we conclude that the trial court’s instruction to
disregard cured any harm from the State’s improper comment. See id. The State
referred to the range of punishment for robbery only; it did not refer to the range of
punishment for aggravated robbery. Thus, “the jury was not encouraged to choose
between the two offenses on the basis of a comparison between punishments, rather
than the facts presented.” Id.
          Moreover, we note that the jury had already heard appellant’s defense counsel
refer to the punishment ranges for aggravated robbery and robbery during voir dire.
Accordingly, we conclude that the trial court did not abuse its discretion in denying
appellant’s motion for mistrial.
          We overrule appellant’s third point of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).