**Jared Lloyd SHANKLIN, Appellant,**

v.

**The STATE of Texas.**

**No. PD. 0026–06.**

Court of Criminal Appeals of Texas.

Jan. 10, 2007.

Brian W. Wice, Houston, TX, for Appellant.

Dan McCrory, Asst. D.A., Houston, TX, Matthew Paul, State's Attorney, Austin, TX, for State.

### *OPINION*

JOHNSON, J., delivered the opinion of the unanimous Court.

A grand jury indicted appellant for murder. Tex. Penal Code § 19.02. Appellant plead not guilty. A jury sentenced appellant to sixty years' imprisonment in the Texas Department of Criminal Justice—Correctional Institutions Division.

After sentencing, appellant filed a motion for new trial, alleging ineffective assistance of counsel. The trial court denied appellant's motion for new trial. Appellant appealed, asserting that the trial court erred in finding that appellant's counsel did not render ineffective assistance during both the guilt and punishment phases of trial. *Shanklin v. State,* 190 S.W.3d 154 (Tex. App.–Houston [1st Dist.] 2005).

The court of appeals found that appellant was entitled to a lesser-included offense instruction on manslaughter, but concluded that trial counsel's decision not to request a jury instruction on the lesser-included offense was not so outrageous that no competent attorney would have engaged in the conduct. The court of appeals also determined that trial counsel provided ineffective assistance by failing to interview or call a single witness to testify on appellant's behalf during the punishment phase, particularly when approximately twenty witnesses volunteered and were available to do so. Consequently, the court of appeals affirmed the trial court's guilty verdict, but remanded the cause for a new punishment hearing.

Appellant petitioned for discretionary review, and we granted review on appellant's sole ground.[1] After reviewing the

---

**1.** "A divided panel of the First Court of Appeals erred in holding that defense counsel's

failure to request a jury instruction on the lesser-included offense of manslaughter was

briefs of the parties, examining the relevant portions of the record, and hearing oral arguments, we conclude that our decision to grant appellant's petition was improvident. Accordingly, we dismiss appellant's petition. TEX.R.APP. PROC. 69.3.

not objectively deficient conduct when the evidence warranted this instruction and where defense counsel admitted that his fail-

ure to seek such an instruction was not the result of any trial strategy."