# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00734-CR

**Clint Demetri Jones, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 61621, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Clint Demetri Jones pleaded guilty to burglary of a habitation without a recommended punishment and was sentenced to twelve years in prison. Appellant contends that his counsel was ineffective for failing to contact, interview, and call as witnesses appellant's family. We affirm.

To succeed on an ineffective-assistance claim, a defendant must show that: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show deficient performance, the defendant must prove by a preponderance of the evidence that his counsel's representation fell below the standard of professional norms. *Id*. at 687-88. The defendant bears the burden to prove ineffective assistance of counsel. *Id*. at 687. To demonstrate prejudice, the defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 694. Appellate review of trial counsel's representation is highly deferential and

presumes that counsel's actions fell within the wide range of reasonable and professional assistance. *Id*. at 689; *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). If counsel's reasons for his conduct do not appear in the record, but the conduct could have been grounded in legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal. *Ortiz v. State*, 93 S.W.3d 79, 88-89 (Tex. Crim. App. 2002). The failure to call witnesses does not show ineffective assistance when the defendant fails to show there were witnesses not called who would have testified helpfully on his behalf. *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983).

Courts have found assistance of counsel ineffective when the attorneys' missteps are severe enough to prejudice their clients. For example, an attorney who fails to object when the prosecutor misstates the law in a way detrimental to his client has been considered to be ineffective. *Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005). Although choosing which witnesses to call is a strategic decision, the failure to investigate, interview, or call helpful witnesses who could illuminate various mitigating factors—when counsel is aware of their existence and views—was deemed ineffective. *Shanklin v. State*, 190 S.W.3d 154, 165 (Tex. App.—Houston [1st Dist.] 2005), *pet. dism'd, improvidently granted*, 211 S.W.3d 315 (Tex. Crim. App. 2007).

Appellant complains that his trial counsel failed to contact, interview, and call his family as witnesses at the punishment phase. At the hearing on his motion for new trial, appellant called his mother, Michelle Jones, as a witness. She testified that, upon appellant's arrest, she and her husband decided not to post bail or hire an attorney for him, letting appellant take responsibility for his actions. She had no contact with the appointed attorney, Darrell Guess. She eventually tried to contact Guess on two occasions through a series of telephone calls and messages. The first time,

2

she did so at appellant's request after Guess failed to show for the plea hearing. She was told that Guess had a death in his family. She admitted knowing that appellant had failed to appear for a sentencing hearing after being released on bond at a time when he was living mostly with her. She left other messages for Guess regarding the case. However, he never returned any of her calls, nor did he contact any other family members (or others) who would have testified. He did not inform her of the date of appellant's reset sentencing hearing. However, neither did appellant. She wanted to testify to encourage the trial court to require drug or alcohol counseling. Although she had no physical evidence of drug abuse, she said that appellant's behavior after returning from a night out persuaded her that he was using drugs or alcohol. Upon learning that appellant had been sentenced to twelve years in prison, she was distraught.

Appellant did not show his counsel's representation to be deficient. Appellant was 20 years old at the time of the offense and the proceedings at issue in this case. Appellant's parents had not participated in his defense. They had no relationship with appointed counsel. Appellant did not demonstrate that his counsel had any reason to believe that his family members would provide helpful testimony. The only testimony appellant's mother stated she would have provided is a request for drug or alcohol counseling. That request or testimony would have been of uncertain value given the lack of allegation or proof that the offense was committed due to appellant's drug or alcohol problem. Although his mother testified that family friends would have testified at his punishment hearing, we cannot assess whether their testimony would have been helpful because the record is silent as to what they would have said. The record is also silent as to why appellant's counsel chose not to call appellant's family as witnesses. Counsel asked for deferred adjudication probation, but the State argued that appellant was not a good candidate for probation given his failure

to appear for a sentencing hearing (and failure to advise the court that he could not attend), denial of the commission of the offense, and general dishonesty.[1] Although returning calls from a 20-year-old defendant's mother might be the better practice, we cannot say on this record that counsel's performance was deficient because he did not return the calls of his adult client's mother.

Appellant failed to demonstrate that the alleged deficiencies in his counsel's performance prejudiced his defense. The court sentenced him to twelve years in prison, which is slightly above the middle of the sentencing range for a second-degree felony. *See* Tex. Penal Code Ann. § 12.33 (West 2003) (range of two to twenty years). He has not shown that pleas for drug and alcohol counseling would have succeeded in the absence of proof that he needed such counseling. He has not shown what any other witnesses would have testified, much less how their testimony would have lessened his punishment. He has not shown that counsel's performance harmed him.

Affirmed.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed:   August 14, 2008

Do Not Publish

---

[1] The prosecutor stated, based on the pre-sentence investigation:

"[H]e denies even having any property on his person when he hit the pole and knocked himself out and the police were able to apprehend him and he did, he did in fact have a gold chain with an Egyptian inscription on it on his person that came from that very house."