Opinion filed January 29, 2010











 
 
  
 
 







 
 
  
 
 




Opinion filed January 29,
2010

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-08-00131-CR

                                                    __________

 

                                            HUNTER LYLE LAKE

 

                                                             V.

 

                                                STATE
OF TEXAS

                                                              

 



 

                                         On
Appeal from the 244th District Court

 

                                                           Ector
County, Texas

 

                                                 Trial
Court Cause No. C-33,279

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
jury convicted Hunter Lyle Lake of aggravated sexual assault of a child and
assessed  his punishment at life imprisonment and a $ 10,000 fine.  We affirm. 


I.  Procedural
Background








Lake
was initially tried by a jury on February 26, 2008, for aggravated sexual
assault of a child.  A mistrial resulted because the jury could not reach a
unanimous verdict.  Two days later, Lake=s
trial counsel filed a motion to withdraw, which the trial court granted.  On
March 7, 2008, the trial court appointed Lake new counsel.  A new jury trial
began on April 8, 2008, and resulted in a guilty verdict.

II. 
Effective Assistance of Counsel

In
his sole issue on appeal, Lake claims that his state and federal constitutional
rights were violated because he was denied effective assistance of counsel at
his second trial.  To prevail on a claim of ineffective assistance of counsel,
an appellant must show that his attorney=s
performance fell below an objective standard of reasonableness and that there
is a reasonable probability the result of the proceeding would have been
different but for the attorney=s
deficient performance.  Strickland v. Washington, 466 U.S. 668,
693-94 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999).  The purpose of the two-pronged test is to assess whether counsel=s conduct compromised the
adversarial process to such a degree that the trial cannot be said to have
produced a reliable result.  Thompson, 9 S.W.3d at 812-13.  

In
our review of defense counsel=s
representation, there is a strong presumption that counsel=s conduct fell within the
wide range of reasonable professional assistance.  Tong v. State, 25
S.W.3d 707, 712 (Tex. Crim. App. 2000).  An appellant must overcome the
presumption that the challenged action, under the circumstances, might be
considered sound trial strategy.  Jackson v. State, 877 S.W.2d 768 (Tex.
Crim. App. 1994); Hayden v. State, 155 S.W.3d 640, 648 (Tex. App.CEastland 2005, pet. ref=d).  Because all
ineffectiveness claims must be affirmatively demonstrated by the record, they
are rarely granted on direct appeal.  Thompson, 9 S.W.3d at 813-14. 
When the record does not affirmatively demonstrate ineffectiveness and trial
counsel has not had an opportunity to explain his actions, an appellate court
should not find deficient performance unless counsel=s actions were Aso
outrageous that no competent attorney would have engaged in it.@  Goodspeed v. State,
187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting Garcia v. State, 57
S.W.3d 436, 440 (Tex. Crim. App. 2001)). 








 Lake=s basic premise is that,
since his first jury trial resulted in a mistrial, his second counsel=s failure to achieve the
same outcome must be the result of inadequate assistance.  Without more, the
fact that the first trial resulted in a mistrial proves nothing.  We do not
know whether the hung jury occurred because of one unconvinced juror or because
of the first trial counsel=s
performance.  To compare the second trial counsel to the first would change the
objective reasonableness standard to a subjective standard.  That we will not
do.  

Lake pinpoints several incidents in the reporter=s record to demonstrate that his counsel was ineffective, but the
record B particularly considering the lack of an explanation
from his trial counsel, does not support a finding that trial counsel=s actions were objectively unreasonable.  First, Lake contends that
counsel=s failure to call a witness in either the
guilt/innocence phase or the punishment phase was indicative of his
ineffectiveness.  Lake relies upon Shanklin v. State, 190 S.W.3d 154,
164 (Tex. App.CHouston [1st. Dist.] 2005), pet. dism=d, 211
S.W.3d 315 (Tex. Crim. App. 2007), and argues that the failure to uncover and
present mitigating evidence cannot be justified as a tactical decision.  But
Lake neglects the principle that the decision to not call any witnesses is
irrelevant without a showing that such witnesses were available and that Lake
would have benefited from their testimony.  Wilkerson v. State, 726
S.W.2d 542, 551 (Tex. Crim. App. 1986).  Lake has not shown that any witnesses
were available or what their testimony would have been.  Lake does not even
direct our attention to witnesses that testified at the first trial but were
not called for the second trial.  Moreover, this was an aggravated sexual
assault case that hinged on the victim=s testimony.  Trial counsel=s apparent decision to question the victim=s credibility by pointing out the inconsistencies between the victim,
her brother, and her counselor=s testimony by cross-examination was a reasonable
trial strategy.   








Next, Lake complains that his trial counsel=s failure to avail himself of the district attorney=s open file discovery policy prevented counsel from effectively
cross-examining Anna Carrillo, the Harmony Home counselor.  Lake cannot satisfy
the second prong of the Strickand test.  Even if we were to assume that
counsel=s failure to review the Harmony Home records fell
below the objective reasonableness standard, Lake has not shown that a timely
file review  would have changed counsel=s cross-examination of Carrillo.  Counsel=s cross-examination of Carrillo was in line with his apparent trial
strategy to discredit the State=s evidence.  Lake has not shown that he suffered
actual harm or that the result would have been different if counsel had timely
reviewed the Harmony Home records.          Lake also complains that his
counsel did not object a second time to Carrillo=s
non-responsive testimony.  Without being asked on direct examination to do so,
Carrillo began talking about the Agrooming process.@  Lake=s counsel objected, and the objection was sustained.  However, Lake=s counsel did not object a second time when Carrillo, once again
voluntarily, described the Agrooming process.@  We agree
with the State that, given the weight of the victim=s and the victim=s brother=s testimony, Lake cannot show with reasonable
probability that his counsel=s failure to timely object changed the jury=s verdict. 

Lake also complains of counsel=s conduct during closing argument.  The State made an improper jury
argument: AI present to you cases I whole[heartedly] B whole[heartedly] believe in.@  Lake complains that his counsel=s failure to object to this argument demonstrates ineffectiveness.
Counsel=s failure to object to this single statement did
not, with reasonable probability, change the outcome of the verdict.  It is far
more likely that the jury properly relied on the testimony of the witnesses and
did not form its judgment from a solitary sentence made by an overzealous
prosecutor. 

Lake
also takes issue with his counsel=s
closing argument, claiming that he effectively became an agent of the State and
abandoned Lake when he argued:

But in assessing this and saying, you know, I=m going to stand up here
and jump up and down saying, oh, he ought to have five years probation, I=m not going to do that,
folks, because y=all
would be throwing rocks at me, you know, and that=s
my opinion and I=m
entitled to that.  You know, that=s
a few things [sic] they haven=t
taxed or taken away from us, they are trying to, but I=m about done with all of this because I=m going to recommend to you
-- again, I=m kind of
insulting your intelligence and I don=t
mean to be, but that this man be assessed 22 years in the penitentiary, that=s what he ought to serve. 
Thank you very much.

We do not have
counsel=s explanation
for this argument, and it can be difficult to assess live performances solely
from a written record.  For example, counsel=s
statement may have been sarcasm.  Most likely, counsel made a strategic
choice.  Even though counsel originally asked for probation, he apparently did
not think that a jury that had just found Lake guilty would agree to probation
or a low sentence.  Counsel=s
argument presented the jury with an alternative to the State=s request for life.  The
United States Supreme Court noted in Strickland that Astrategic choices made
after thorough investigation of law and facts relevant to plausible options are
virtually unchallengeable.@ 
Strickland, 466 U.S. at 690.  Direct appeal is not the best place to
complain of trial strategy because trial counsel has not had an opportunity to
explain.  See Thompson, 9 S.W.3d at 813-14.  Without more, we do not
find counsel=s
decision to ask for twenty-two years to be so outrageous that no competent
attorney would have engaged in it.    








Finally,
Lake asserts that his counsel=s
cross-examination of the State=s
two punishment witnesses was deficient and supports Lake=s ineffective-assistance claim.  The State
called two witnesses during the punishment hearing to testify that they both
had previously been sexually abused by Lake.  Lake=s counsel cross-examined both witnesses,
repeatedly questioning them about the prolonged lapse between the alleged abuse
and their initial report.  Counsel questioned the second witness about
inconsistencies between the two witnesses=
testimony.  Counsel finally invited the jury A[to]
be my guest@ in
believing the witnesses=
testimony.  But Lake takes this line out of context in his argument that his
counsel was not adequately assisting him.  Counsel said Abe my guest@
after telling the jury he did not believe that this alleged additional abuse
had any relevancy on the matter before the jury.  He also immediately said that
the testimony was Abefore
the court and it=s up
to you.@  He correctly
admonished the jury about the law, while asking the jury not to use the
testimony against his client.  We do not think that Lake has proven either
prong of the Strickland test concerning counsel=s cross-examination of the two witnesses. 
Lake=s sole issue is
overruled.  

III. 
Conclusion

We
affirm the judgment of the trial court.

 

 

RICK STRANGE

JUSTICE

 

January 29, 2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,


McCall, J., and Strange, J.