**Opinion filed January 29, 2010**



In The

# Eleventh Court of Appeals

———————

## No. 11-08-00131-CR

———————

## HUNTER LYLE LAKE

## V.

## STATE OF TEXAS

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-33,279**

## M E M O R A N D U M   O P I N I O N

The jury convicted Hunter Lyle Lake of aggravated sexual assault of a child and assessed his punishment at life imprisonment and a $ 10,000 fine.  We affirm.

### I.  *Procedural Background*

Lake was initially tried by a jury on February 26, 2008, for aggravated sexual assault of a child.  A mistrial resulted because the jury could not reach a unanimous verdict.  Two days later, Lake's trial counsel filed a motion to withdraw, which the trial court granted.  On March 7, 2008,

the trial court appointed Lake new counsel.  A new jury trial began on April 8, 2008, and resulted in a guilty verdict.

## II. *Effective Assistance of Counsel*

In his sole issue on appeal, Lake claims that his state and federal constitutional rights were violated because he was denied effective assistance of counsel at his second trial.  To prevail on a claim of ineffective assistance of counsel, an appellant must show that his attorney's performance fell below an objective standard of reasonableness and that there is a reasonable probability the result of the proceeding would have been different but for the attorney's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 693-94 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  The purpose of the two-pronged test is to assess whether counsel's conduct compromised the adversarial process to such a degree that the trial cannot be said to have produced a reliable result. *Thompson*, 9 S.W.3d at 812-13.

In our review of defense counsel's representation, there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).  An appellant must overcome the presumption that the challenged action, under the circumstances, might be considered sound trial strategy. *Jackson v. State*, 877 S.W.2d 768 (Tex. Crim. App. 1994); *Hayden v. State*, 155 S.W.3d 640, 648 (Tex. App.—Eastland 2005, pet. ref'd).  Because all ineffectiveness claims must be affirmatively demonstrated by the record, they are rarely granted on direct appeal. *Thompson*, 9 S.W.3d at 813-14.  When the record does not affirmatively demonstrate ineffectiveness and trial counsel has not had an opportunity to explain his actions, an appellate court should not find deficient performance unless counsel's actions were "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

Lake's basic premise is that, since his first jury trial resulted in a mistrial, his second counsel's failure to achieve the same outcome must be the result of inadequate assistance.  Without more, the fact that the first trial resulted in a mistrial proves nothing.  We do not know whether the hung jury occurred because of one unconvinced juror or because of the first trial counsel's

performance. To compare the second trial counsel to the first would change the objective reasonableness standard to a subjective standard. That we will not do.

Lake pinpoints several incidents in the reporter's record to demonstrate that his counsel was ineffective, but the record – particularly considering the lack of an explanation from his trial counsel, does not support a finding that trial counsel's actions were objectively unreasonable. First, Lake contends that counsel's failure to call a witness in either the guilt/innocence phase or the punishment phase was indicative of his ineffectiveness. Lake relies upon *Shanklin v. State*, 190 S.W.3d 154, 164 (Tex. App.—Houston [1st. Dist.] 2005), *pet. dism'd*, 211 S.W.3d 315 (Tex. Crim. App. 2007), and argues that the failure to uncover and present mitigating evidence cannot be justified as a tactical decision. But Lake neglects the principle that the decision to not call any witnesses is irrelevant without a showing that such witnesses were available and that Lake would have benefited from their testimony. *Wilkerson v. State*, 726 S.W.2d 542, 551 (Tex. Crim. App. 1986). Lake has not shown that any witnesses were available or what their testimony would have been. Lake does not even direct our attention to witnesses that testified at the first trial but were not called for the second trial. Moreover, this was an aggravated sexual assault case that hinged on the victim's testimony. Trial counsel's apparent decision to question the victim's credibility by pointing out the inconsistencies between the victim, her brother, and her counselor's testimony by cross-examination was a reasonable trial strategy.

Next, Lake complains that his trial counsel's failure to avail himself of the district attorney's open file discovery policy prevented counsel from effectively cross-examining Anna Carrillo, the Harmony Home counselor. Lake cannot satisfy the second prong of the *Strickand* test. Even if we were to assume that counsel's failure to review the Harmony Home records fell below the objective reasonableness standard, Lake has not shown that a timely file review would have changed counsel's cross-examination of Carrillo. Counsel's cross-examination of Carrillo was in line with his apparent trial strategy to discredit the State's evidence. Lake has not shown that he suffered actual harm or that the result would have been different if counsel had timely reviewed the Harmony Home records.

Lake also complains that his counsel did not object a second time to Carrillo's non-responsive testimony. Without being asked on direct examination to do so, Carrillo began talking about the "grooming process." Lake's counsel objected, and the objection was sustained. However,

3

Lake's counsel did not object a second time when Carrillo, once again voluntarily, described the "grooming process." We agree with the State that, given the weight of the victim's and the victim's brother's testimony, Lake cannot show with reasonable probability that his counsel's failure to timely object changed the jury's verdict.

Lake also complains of counsel's conduct during closing argument. The State made an improper jury argument: "I present to you cases I whole[heartedly] – whole[heartedly] believe in." Lake complains that his counsel's failure to object to this argument demonstrates ineffectiveness. Counsel's failure to object to this single statement did not, with reasonable probability, change the outcome of the verdict. It is far more likely that the jury properly relied on the testimony of the witnesses and did not form its judgment from a solitary sentence made by an overzealous prosecutor.

Lake also takes issue with his counsel's closing argument, claiming that he effectively became an agent of the State and abandoned Lake when he argued:

> But in assessing this and saying, you know, I'm going to stand up here and jump up and down saying, oh, he ought to have five years probation, I'm not going to do that, folks, because y'all would be throwing rocks at me, you know, and that's my opinion and I'm entitled to that. You know, that's a few things [sic] they haven't taxed or taken away from us, they are trying to, but I'm about done with all of this because I'm going to recommend to you -- again, I'm kind of insulting your intelligence and I don't mean to be, but that this man be assessed 22 years in the penitentiary, that's what he ought to serve. Thank you very much.

We do not have counsel's explanation for this argument, and it can be difficult to assess live performances solely from a written record. For example, counsel's statement may have been sarcasm. Most likely, counsel made a strategic choice. Even though counsel originally asked for probation, he apparently did not think that a jury that had just found Lake guilty would agree to probation or a low sentence. Counsel's argument presented the jury with an alternative to the State's request for life. The United States Supreme Court noted in *Strickland* that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Direct appeal is not the best place to complain of trial strategy because trial counsel has not had an opportunity to explain. *See Thompson*, 9 S.W.3d at 813-14. Without more, we do not find counsel's decision to ask for twenty-two years to be so outrageous that no competent attorney would have engaged in it.

4

Finally, Lake asserts that his counsel's cross-examination of the State's two punishment witnesses was deficient and supports Lake's ineffective-assistance claim. The State called two witnesses during the punishment hearing to testify that they both had previously been sexually abused by Lake. Lake's counsel cross-examined both witnesses, repeatedly questioning them about the prolonged lapse between the alleged abuse and their initial report. Counsel questioned the second witness about inconsistencies between the two witnesses' testimony. Counsel finally invited the jury "[to] be my guest" in believing the witnesses' testimony. But Lake takes this line out of context in his argument that his counsel was not adequately assisting him. Counsel said "be my guest" after telling the jury he did not believe that this alleged additional abuse had any relevancy on the matter before the jury. He also immediately said that the testimony was "before the court and it's up to you." He correctly admonished the jury about the law, while asking the jury not to use the testimony against his client. We do not think that Lake has proven either prong of the *Strickland* test concerning counsel's cross-examination of the two witnesses. Lake's sole issue is overruled.

## III. *Conclusion*

We affirm the judgment of the trial court.

RICK STRANGE

JUSTICE

January 29, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.