# NO. 12-09-00350-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAIME GUERRERO,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*

Jaime Guerrero appeals his conviction for aggravated assault on a public servant. He was found guilty after a trial before a jury and the jury sentenced him to thirty-five years of imprisonment and a $2,500.00 fine. In a single issue, Appellant contends he received ineffective assistance of counsel. We affirm.

### BACKGROUND

In response to a call from Appellant's mother, police were dispatched to her home because Appellant was creating a disturbance in her back yard. Officers found Appellant in the back yard, next to a creek and wooded area. He was incoherent, held a shiny object in his left hand, and was "huffing" paint in plastic bags. Appellant tried to get away from the officers. Officer Edgar Zapata asked Appellant what he had in his hand and Appellant told him, "It's a knife." In response to Officer Zapata's inquiry about what Appellant was going to do with the knife, Appellant said, "I will scar you for life, bitch." At the time he said it, he was standing with his arms out, in an offensive manner. Appellant refused to drop the knife when ordered to do so. The officers had to use tasers to subdue Appellant and arrest him.

1

In his sole issue, Appellant asserts that trial counsel rendered ineffective assistance when he failed to request an instruction on the lesser included offense of deadly conduct. He argues that deadly conduct is a lesser included offense of aggravated assault as charged in the indictment and there is some evidence that would permit the jury to find him guilty of only deadly conduct. He further argues that, had he been found guilty of deadly conduct, he would have faced a much lighter sentence.

## Standard of Review

The standard for testing claims of ineffective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted for Texas constitutional claims in *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). To prevail on his claim of ineffective assistance, an appellant must show that his attorney's representation fell below the standard of prevailing professional norms, and that there is a reasonable probability that, but for the attorney's deficiency, the result of the trial would have been different. *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. Appellant bears the burden of proving his ineffective assistance claim by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

Our review of counsel's representation is highly deferential. When evaluating a claim of ineffective assistance, the appellate court looks to the totality of the representation and the particular circumstances of each case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). An appellant faces the onerous burden of overcoming a strong presumption that counsel's conduct falls within a wide range of reasonable representation. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *Tong*, 25 S.W.3d at 712. This court will not second guess through hindsight the strategy of counsel at trial, nor will the fact that another attorney might have pursued a different course support a finding of ineffectiveness. *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979). Any allegation of ineffectiveness must be firmly founded in the record. *Thompson*, 9 S.W.3d at 813. When there has been no post trial proceeding at which trial counsel has been afforded the opportunity to present evidence of the strategic bases, if any, for his trial decisions, it is extremely difficult for an accused to make a showing of deficient performance. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Ordinarily, this kind of record is best

developed in a hearing on an application for writ of habeas corpus or a motion for new trial. *See Jackson*, 973 S.W.2d at 957. Absent such evidence, appellate courts are not at liberty to find trial counsel's conduct was ineffective unless the challenged conduct was so outrageous that no competent attorney would have engaged in it. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

**Applicable Law**

An offense is a lesser included offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged. TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (Vernon 2006). A defendant is entitled to a lesser included offense instruction in the jury charge if (1) the requested charge is a lesser included offense of the offense charged; and (2) there is some evidence that if the defendant is guilty, he is guilty only of the lesser offense. *Feldman v. State*, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002) (op. on reh'g).

Defense counsel's failure to request a jury instruction can render his assistance ineffective if, under the particular facts of the case, the trial judge would have erred in refusing the instruction had counsel requested it. *See Vasquez v. State*, 830 S.W.2d 948, 951 (Tex. Crim. App. 1992). However, it may be reasonable trial strategy not to request a charge on a lesser included offense. *See Shanklin v. State*, 190 S.W.3d 154, 161 (Tex. App. – Houston [1st Dist.] 2005), *pet. dism'd, improvidently granted,* 211 S.W.3d 315 (Tex. Crim. App. 2007).

**Discussion**

At the charge conference, defense counsel asked the trial court to include an instruction on the offense of evading arrest, which was denied. Appellant did not file a motion for new trial, and the record is otherwise silent on trial counsel's reasoning regarding his strategy about lesser included offense instructions. We presume that counsel made a reasonable and strategic decision about how to conduct the defense, including whether to ask for particular jury instructions. *See Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). Appellant has not rebutted the presumption of competent trial counsel. *See Tong*, 25 S.W.3d at 712. Further, the challenged conduct was not so outrageous that no competent attorney would have engaged in it. *See Goodspeed*, 187 S.W.3d at 392. Based on the record before us, we hold that Appellant has not met his burden of showing by a preponderance of the evidence that his trial counsel's representation fell below the standard of prevailing professional norms. *See Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066; *Thompson*, 9 S.W.3d at 813. We overrule Appellant's sole issue.

3

## DISPOSITION

We *affirm* the trial court's judgment.


**BRIAN HOYLE**
Justice


Opinion delivered July 14, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)


4