NO.
12-09-00350-CR

      

                         IN THE COURT OF
APPEALS         

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

JAIME GUERRERO,                                        '           APPEAL FROM THE 7TH

APPELLANT

 

V.                                            
'         JUDICIAL DISTRICT COURT
OF

 

THE STATE OF TEXAS,

APPELLEE                                  
'        SMITH COUNTY, TEXAS

                                                        
                                         

                                                      MEMORANDUM
OPINION

            Jaime
Guerrero appeals his conviction for aggravated assault on a public servant.  He
was found guilty after a trial before a jury and the jury sentenced him to
thirty-five years of imprisonment and a $2,500.00 fine.  In a single issue,
Appellant contends he received ineffective assistance of counsel.  We affirm.

 

Background

            In
response to a call from Appellant’s mother, police were dispatched to her home
because Appellant was creating a disturbance in her back yard.  Officers found
Appellant in the back yard, next to a creek and wooded area.  He was
incoherent, held a shiny object in his left hand, and was “huffing” paint in
plastic bags.  Appellant tried to get away from the officers.  Officer Edgar
Zapata asked Appellant what he had in his hand and Appellant told him, “It’s a
knife.”  In response to Officer Zapata’s inquiry about what Appellant was going
to do with the knife, Appellant said, “I will scar you for life, bitch.”  At
the time he said it, he was standing with his arms out, in an offensive manner. 
Appellant refused to drop the knife when ordered to do so.  The officers had to
use tasers to subdue Appellant and arrest him.

 

Ineffective
Assistance

            In
his sole issue, Appellant asserts that trial counsel rendered ineffective
assistance when he failed to request an instruction on the lesser included
offense of deadly conduct.  He argues that deadly conduct is a lesser included
offense of aggravated assault as charged in the indictment and there is some
evidence that would permit the jury to find him guilty of only deadly conduct. 
He further argues that, had he been found guilty of deadly conduct, he would
have faced a much lighter sentence.

Standard
of Review

The
standard for testing claims of ineffective assistance of counsel is set out in
Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d
674 (1984), and adopted for Texas constitutional claims in Hernandez v.
State, 726 S.W.2d 53, 56‑57 (Tex. Crim. App. 1986).  To prevail
on his claim of ineffective assistance, an appellant must show that his
attorney's representation fell below the standard of prevailing professional
norms, and that there is a reasonable probability that, but for the attorney's
deficiency, the result of the trial would have been different.  Tong v.
State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).  A reasonable
probability is a probability sufficient to undermine confidence in the
outcome.  Id.  Appellant bears the burden of proving his
ineffective assistance claim by a preponderance of the evidence.  Jackson
v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

Our
review of counsel's representation is highly deferential.  When evaluating a
claim of ineffective assistance, the appellate court looks to the totality of
the representation and the particular circumstances of each case.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  An appellant faces
the onerous burden of overcoming a strong presumption that counsel's conduct
falls within a wide range of reasonable representation.  Strickland,
466 U.S. at 689, 104 S. Ct. at 2065; Tong, 25 S.W.3d at 712. 
This court will not second guess through hindsight the strategy of counsel at
trial, nor will the fact that another attorney might have pursued a different
course support a finding of ineffectiveness.  Blott v. State, 588
S.W.2d 588, 592 (Tex. Crim. App. 1979).  Any allegation of ineffectiveness must
be firmly founded in the record.  Thompson, 9 S.W.3d at 813. 
When there has been no post trial proceeding at which trial counsel has been
afforded the opportunity to present evidence of the strategic bases, if any,
for his trial decisions, it is extremely difficult for an accused to make a
showing of deficient performance.  See Bone v. State, 77
S.W.3d 828, 833 (Tex. Crim. App. 2002).  Ordinarily, this kind of record is
best developed in a hearing on an application for writ of habeas corpus or a
motion for new trial.  See Jackson, 973 S.W.2d at 957. 
Absent such evidence, appellate courts are not at liberty to find trial
counsel’s conduct was ineffective unless the challenged conduct was so
outrageous that no competent attorney would have engaged in it.  Goodspeed
v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

Applicable
Law

            An
offense is a lesser included offense if it is established by proof of the same
or less than all the facts required to establish the commission of the offense
charged.  Tex. Code Crim. Proc. Ann.
art. 37.09(1) (Vernon 2006).  A defendant is entitled to a lesser included
offense instruction in the jury charge if (1) the requested charge is a lesser
included offense of the offense charged; and (2) there is some evidence that if
the defendant is guilty, he is guilty only of the lesser offense.  Feldman
v. State, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002) (op. on reh’g).

            Defense
counsel’s failure to request a jury instruction can render his assistance
ineffective if, under the particular facts of the case, the trial judge would
have erred in refusing the instruction had counsel requested it.  See Vasquez
v. State, 830 S.W.2d 948, 951 (Tex. Crim. App. 1992).  However, it may
be reasonable trial strategy not to request a charge on a lesser included
offense.  See Shanklin v. State, 190 S.W.3d 154, 161 (Tex. App. –
Houston [1st Dist.] 2005), pet. dism’d, improvidently granted, 211
S.W.3d 315 (Tex. Crim. App. 2007).

Discussion

            At
the charge conference, defense counsel asked the trial court to include an
instruction on the offense of evading arrest, which was denied.  Appellant did
not file a motion for new trial, and the record is otherwise silent on trial
counsel’s reasoning regarding his strategy about lesser included offense
instructions.  We presume that counsel made a reasonable and strategic decision
about how to conduct the defense, including whether to ask for particular jury
instructions.  See Salinas v. State, 163 S.W.3d 734, 740 (Tex.
Crim. App. 2005).  Appellant has not rebutted the presumption of competent
trial counsel.  See Tong, 25 S.W.3d at 712.  Further, the
challenged conduct was not so outrageous that no competent attorney would have
engaged in it.  See Goodspeed, 187 S.W.3d at 392.  Based on the
record before us, we hold that Appellant has not met his burden of showing by a
preponderance of the evidence that his trial counsel’s representation fell
below the standard of prevailing professional norms.  See Strickland,
466 U.S. at 690, 104 S. Ct. at 2066; Thompson, 9 S.W.3d at 813. 
We overrule Appellant’s sole issue.

 

Disposition

            We
affirm the trial court’s judgment.

 

 

 

                                                                                                Brian Hoyle

                                                                                                    
Justice

 

 

 

Opinion
delivered July 14, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)