

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00188-CR

DAVID CARL HARVEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th Judicial District Court
Hopkins County, Texas
Trial Court No. 1826423

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

After David Carl Harvey was adjudicated guilty of manufacture/delivery of a controlled substance, he was sentenced to seventy-five years' imprisonment.[1]  On appeal, Harvey claims that his trial counsel was constitutionally ineffective for failing to present mitigating evidence or to call any character witnesses.  He makes the bare assertion on appeal that Harvey's trial counsel "could have called" family or friends to speak well of Harvey, his work history, and his family ties.  We affirm the judgment of the trial court, because Harvey has not established a valid claim of ineffective assistance of counsel.

To support an ineffective-assistance claim, "the record must affirmatively demonstrate" the meritorious nature of the claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). To show ineffective assistance of counsel, Harvey must establish (1) deficient performance by his attorney and (2) resulting prejudice.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013).  For deficient performance to have occurred, counsel's performance must have fallen below an objective standard of reasonableness based on prevailing professional norms.  *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006).  To show prejudice, the claimant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. There has been prejudice as to punishment if there is a reasonable probability that the punishment assessed "would have been less severe in the absence of counsel's

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (West 2017).  Harvey was sentenced under the habitual offender statute.  *See* TEX. PENAL CODE ANN. § 12.42 (West Supp. 2018).

deficient performance." *Milburn v. State*, 15 S.W.3d 267, 270 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). To be "reasonable" the probability of a different result must undermine confidence in the case's outcome. *Strickland*, 466 U.S. at 694. Failure on either of the required showings dooms the claim of ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

In addressing a claim of ineffective assistance, we strongly presume that counsel's conduct fell within the wide range of reasonable professional assistance and was "sound trial strategy." *Strickland*, 466 U.S. at 689. We are highly deferential to counsel in our review, and we are not to speculate on counsel's trial strategy. *See Bone v. State*, 77 S.W.3d 828, 833, 835 (Tex. Crim. App. 2002). An ineffective-assistance claim must rely on an appellate record demonstrating that trial counsel's performance was not based on sound strategy. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). A record that is silent as to counsel's strategy will leave in place the presumption that counsel was effective. *Rylander*, 101 S.W.3d at 110–11. Usually, the record on direct appeal is not fully developed to properly evaluate a claim of ineffective assistance. *Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012); *Thompson*, 9 S.W.3d at 813–14. The record on direct appeal seldom reflects the motives behind trial counsel's actions. *Mallett*, 65 S.W.3d at 63. Trial counsel should ordinarily be given a chance to explain his or her actions before an appellate court finds that counsel was ineffective. *Menefield*, 363 S.W.3d at 593; *see Rylander*, 101 S.W.3d at 111; *Bone*, 77 S.W.3d at 836.

"The decision whether to present witnesses is largely a matter of trial strategy." *Lopez*, 462 S.W.3d 180, 185 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (quoting *Lair v. State*, 265

3

S.W.3d 580, 594 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd)). An attorney's decision not to present any particular witness at the punishment stage "may be a strategically sound decision if the attorney bases it on a determination that the testimony . . . may be harmful, rather than helpful to the defendant." *Shanklin v. State*, 190 S.W.3d 154, 164 (Tex. App.—Houston [1st Dist.] 2005), *pet. dism'd, improvidently granted*, 211 S.W.3d 315 (Tex. Crim. App. 2007). A defendant complaining about trial counsel's failure to call witnesses "must show the witnesses were available and that he would have benefitted from their testimony." *Cantu v. State*, 993 S.W.2d 712, 719 (Tex. App.—San Antonio 1999, pet. ref'd) (citing *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983)); *see Ex parte Ramirez*, 280 S.W.3d 848, 853 (Tex. Crim. App. 2007) (per curiam).

During the punishment phase in this case, Harvey's trial counsel called one witness, Carol Gunderson, Harvey's most recent community supervision officer, in an effort to mitigate the State's punishment evidence. Gunderson's direct testimony does not appear to have been particularly persuasive on Harvey's behalf. Plus, on cross-examination, the State was able to establish that Harvey had problems with drug use, drug sales and deliveries, flight from police, repeated thefts, lying to police, assault, trespassing, forgeries, and criminal mischief. Other than appellate counsel's bare assertion in Harvey's brief to this Court, the record contains no information on other witnesses that could have been called, what they would have said, and what risks would have been run had they been called. *See Ramirez*, 280 S.W.3d at 853; *Cantu*, 993 S.W.2d at 719. And it is entirely possible that any other such witnesses could have been cross-examined by the State to much the same effect as the cross-examination of Gunderson.

Harvey cites the Fourteenth Court of Appeals' decision in *Milburn* as support for his contention that his trial counsel rendered ineffective assistance by failing to call mitigation or character witnesses during the punishment phase. *See Milburn*, 15 S.W.3d 267. In *Milburn*, the record, through stipulations and testimony at the hearing on Milburn's motion for new trial, contains the substance of the testimony of numerous individuals supporting Milburn's claim of ineffective assistance of counsel. *Id.* at 269–71. Here, the record is silent.

Harvey has not established that his trial counsel rendered ineffective assistance by failing to call more than one witness during the punishment phase of his trial. *See Robinson v. State*, 514 S.W.3d 816, 822–25 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd).

We affirm the judgment of the trial court.

Josh R. Morriss, III
Chief Justice

Date Submitted:     January 17, 2019
Date Decided:       January 18, 2019

Do Not Publish

5