**Robert SAPATA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56755.**

Court of Criminal Appeals of Texas, Panel No. 3.

Nov. 29, 1978.

Rehearing en banc Denied Jan. 10, 1979.

Holly Crampton, Wichita Falls, court appointed, for appellant.

Timothy Eyssen, Dist. Atty., Donald E. Maxfield and Dan Tompkins, Asst. Dist. Attys., Wichita Falls, for the State.

Before DOUGLAS, TOM G. DAVIS and VOLLERS, JJ.

## OPINION

DOUGLAS, Judge.

Robert Sapata appeals his conviction for rape of a child. The trial court, after finding that appellant had previously been convicted of a felony, assessed punishment at eighteen years.

Sapata argues that his confession was inadmissible, he was denied his right to be heard and that the court erred in assessing his punishment after it demonstrated bias against him. The sufficiency of the evidence is not challenged.

On December 6, 1976, Sapata had intercourse with a 12-year-old girl. He was arrested on December 12, 1976, and taken before a magistrate. The following morning Sapata signed a confession.

■ Appellant argues that his confession was inadmissible because he was never specifically warned of his right to remain silent. The record does not support this contention. The record includes a magistrate's certificate stating that the magistrate advised appellant of his "right not to be required to make any statements." Officer Darrell Wills, who took the confession, testified he was present when the magistrate gave this warning to the appellant. He also testified that he told Sapata that he did not have to talk to him. Finally, the confession itself contains an acknowledgment that appellant had been warned by the magistrate that he did not have to make a statement. From this record, we conclude that appellant was adequately warned and the confession was admissible.

Complaint is next made that the accused was not allowed to be "heard" as guaranteed by our State Constitution. Tex.Const. Article 1, Section 10. This complaint stems from the fact that appellant had a statement (not in the record) which he wanted to be read to the jury but his court-appointed attorney chose not to read.

■ Appellant acknowledges that he was not entitled to hybrid representation. *Landers v. State,* 550 S.W.2d 272 (Tex.Cr. App.1977). Appellant took the stand outside the presence of the jury and stated that his attorney advised him that his prior conviction could be used to impeach him if he testified. He unequivocally stated that he did not want to testify. Although the decision as to whether the accused will testify is his own personal right, all other trial decisions are to be made by counsel. Appellant did not wish to testify; he only wanted a statement read. His attorney's actions did not deny him any constitutional right.

■ Appellant also argues that the trial court should not have assessed punishment because he demonstrated bias against appellant. This contention stems from the fact that the court either suggested or ordered the appellant to take a bath because the court was afraid his strong body odor would have an adverse effect on the jury. The court's actions are not contained in the record except through a subsequent motion by the defense for the jury to assess punishment and the court's ruling and comments. There was, apparently, no objection made to the court's actions at the time they occurred. The trial court is necessarily vested with broad discretion to conduct a trial. Such discretion is necessary to allow him to deal with the infinite variety of unusual situations, such as a defendant with strong body odor, which can arise in the trial context. We conclude that the trial judge did not abuse his discretion and that appellant's right to a fair trial was not infringed.

No error is shown. The judgment is affirmed.