Richard Charles SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0007–CR.

Court of Appeals of Texas,
1st Dist.

July 29, 1982.

Rehearing Denied Aug. 26, 1982.

John Carlisle, Houston, for appellant.

Calvin A. Hartmann, Asst. Dist. Atty., Houston, for appellee.

Before EVANS, C.J. and DOYLE and STILLEY, JJ.

## OPINION

DOYLE, Justice.

·This is an appeal from a conviction for theft of a motor vehicle. Punishment was assessed at fifteen years by a jury.

Appellant seeks reversal of the conviction on four grounds contending that (1) a mistrial should have been declared when the appellant made a physical attack on a witness in the presence of the jury; (2) error was committed by the trial court in allowing the jury to view the appellant in leg irons; (3) error was committed by admitting a gun into evidence that was not material to the offense; and (4) the trial court should have held a hearing to determine whether or not the appellant was capable of aiding in his defense.

We overrule each of these grounds of error and affirm the judgment of the trial court.

A summary of the facts shows that Nathaniel Kee was the owner and driver of a 1974 Pontiac automobile. On the morning of September 20, 1979, he went to a dry cleaner and left his engine running while he took some clothes in. As Kee was returning to his car, he saw the appellant and another man get into the Pontiac and drive off. Kee reported the theft to the police and then, with a friend, began to drive around searching for his car. They spotted appellant alone in Kee's car, pulled along side, and approached the car from the passenger side. It was at this time that Kee saw appellant holding a pistol pointed down between his legs. The appellant then pulled away, picked up a passenger and left the scene. In the meantime Kee and his friend saw two police officers, apprised them of the facts, and joined them in chasing the appellant. The chase ended when appellant collided with a tree and fled with his companion on foot. The police searched the area on foot and by helicopter. One man was arrested in some shrubbery with a gun nearby, and the appellant was arrested some minutes later. He was then identified by Kee and his friend as the driver of Kee's car.

During the trial, while Kee was testifying about the gun, the appellant began making verbal outbursts at him and thereafter physically attacked Kee on the witness stand until he was subdued, all in the presence of the jury. While the jury was excused, the court heard and overruled appellant's motions for a mistrial and psychiatric examination. The court then advised the appellant that it would not allow him to abuse witnesses or to tear up the courtroom. The appellant stated that he would not disrupt the court again. The court then ordered appellant placed in leg irons and the trial continued. Whether there was a denial of due process by failing to grant a

mistrial and the placing of the appellant in leg irons will be discussed jointly.

■■■ Federal and State authorities are in agreement that an accused is entitled to a fair and impartial trial by a jury uninfluenced by prejudice or bias. Sixth Amendment, United States Constitution; *Braswell v. United States,* 200 F.2d 597 (5th Cir. 1952). Appellant argues that once he attacked the complaining witness in the presence of the jury, a fair trial before such jury was impossible. The testimony being given by Kee was extremely damaging to appellant's case. Voluntarily, appellant sought to halt such testimony by attacking the witness, rather than denying it when and if he took the witness stand. The record before us shows, that the trial court had no way of determining whether the jury was affected one way or the other by appellant's actions. Conceivably, the jury may have interpreted appellant's outburst as an indication of his innocence. Whether to declare a mistrial is addressed to the sound discretion of the court which has broad powers to deal with unexpected situations occuring during trial. *Sapata v. State,* 574 S.W.2d 770 (Tex. Cr. App. 1978). In *Johnson v. State,* 583 S.W.2d 399 (Tex. Cr. App. 1979), the accused made an outburst before the jury threatening the life of the prosecutor. An objection was interposed by the accused when reference was made to the outburst in the State's closing argument. On appeal the Court held that the outburst was a part of the evidence, stating that: "Attempts by a party to suppress or fabricate evidence are admissible against the accused. Similarly, an attempt to intimidate the prosecution would be admissible." *Rodriguez v. State,* 577 S.W.2d 491 (Tex. Cr. App. 1979) and *Baimbridge v. State,* 171 Tex. Cr. R. 395, 350 S.W.2d 923 (1961) are cases with similar holdings. The trial court committed no error in denying a mistrial.

■■■ Once the attack had been made in open court, the trial court was compelled to take such steps as it deemed necessary to assure an orderly forum for the administration of justice. It was within the discretion of the trial judge to decide that leg irons were an appropriate means of restraint. The record affirmatively reflects the reasons for the court's order. *Moore v. State,* 535 S.W.2d 357 (Tex. Cr. App. 1976). Appellant insists that his being required to appear before the jury in shackles constituted an "infringement of his constitutional right to a presumption of innocence." However, the right to be free from such physical restraint is not absolute. "The judge presiding at the trial, the jurors, courtroom personnel and spectators are entitled to security in the performance of their function . . ." *Hardin v. Estelle,* 365 F.Supp. 39 (W.D. Tex. 1973, affmd. 5th Cir. 484 F.2d 944); *United States v. Samuel,* 431 F.2d 610, 615 (4th Cir. 1970). Obviously, such security extends to complainants and other witnesses. Our Court of Criminal Appeals has affirmed the use of leg irons and handcuffs in many cases. *Freeman v. State,* 556 S.W.2d 287 (Tex. Cr. App. 1977); *Thompson v. State,* 514 S.W.2d 275 (Tex. Cr. App. 1974).

Another of appellant's contentions is that it was error for the court to admit into evidence the State's Exhibit 1 which was a gun recovered by the police officers at the time they arrested appellant and a companion. Appellant claims that the introduction of the gun was not material to his case and was highly prejudicial to him.

■■■ The gun was identified by Kee as the same weapon which appellant held between his legs when Kee approached him driving his stolen car. Upon seeing the pistol, Kee backed off as aforestated, and immediately the chase began which terminated in appellant's arrest and the recovery of the pistol. Certainly, testimony concerning the weapon was a part of the *res gestae* of the auto theft offense. The court held in *Jackson v. State,* 575 S.W.2d 567 (Tex. Cr. App. 1979), that facts and circumstances surrounding the commission of a crime are admissible to prove the guilt of the accused. In accord with this holding is *Nixon v. State,* 587 S.W.2d 709 (Tex. Cr. App. 1979), where the court observed the general rule "that an offense does not occur in a vacuum

and it is proper to admit evidence of the surrounding facts." The admission of the gun into evidence was not error.

■ Lastly, appellant argues that the trial court should have halted the trial and ordered a psychiatric examination based on his action in attacking the complaining witness. No pleadings were filed regarding competency as outlined in Article 46.02, Sec. 1(a)(1) and (a)(2), V.A.C.C.P. Because his counsel filed no motion for such a hearing, we must assume that appellant exhibited no incompetency traits to his counsel when his defense and "not guilty" plea were discussed. The record fails to show any evidence that appellant was not fully aware of every proceeding during the trial. He knew the nature of the charge against him and by his plea, asserted his innocence. After the outburst, he understood the trial judge's admonition concerning it and assured the court that he would make no further disruptions during the trial. Appellant was true to his word and there were no further interruptions. He rationally testified in his own behalf at the guilt-innocence and the punishment phases of the trial. There was an enhancement paragraph in the indictment, and appellant's counsel advised the court that appellant was aware of the nature and consequences of pleading that the enhancement count was true. With the foregoing evidence before it, the trial court correctly denied the motion for a competency hearing. *Zapata v. State,* 493 S.W.2d 801 (Tex. Cr. App. 1973, cert. denied 414 U.S. 1128, 94 S.Ct. 865, 38 L.Ed.2d 752).

The judgment of the trial court is affirmed.