**Johnny W. SHEARS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–82–0055–CR.**

Court of Appeals of Texas, Tyler.

Oct. 13, 1983.

Rehearing Denied Nov. 3, 1983.

Discretionary Review Refused March 14, 1984.

**806**

Paul Tatum, Nacogdoches, for appellant.

Herbert Hancock, Nacogdoches, for appellee.

McKAY, Justice.

Appellant was found guilty by a jury of five counts of burglary of a building with intent to commit theft, and also found to have been previously convicted of the offense of aggravated robbery; punishment was assessed at twenty-five years confinement.

By his first ground of error appellant contends the trial court erred in failing to grant his motion for mistrial because the same jury panel from which his jury was chosen was used to select a jury for another case before his trial began, and counsel in the subsequent case advised the panel that the defendant in that case was eligible for probation. Argument is made that since no reference was made by counsel to probation while examining the jury in his

case, but probation was mentioned as a possible result in another case during jury voir dire before the same jury panel, appellant was denied a trial by an impartial jury under the 14th and 6th Amendments of the U.S. Constitution and art. I, § 10, Texas Constitution.

Appellant argues that in examination of the same jury panel in the subsequent case, counsel for the State and appellant informed the jury panel "of the law of probation," and that it was unavoidable that the jury panel, and members of the trial jury in his case, then knew that appellant had a prior conviction because probation was not mentioned in voir dire of jury in appellant's case. Appellant further argues that both cases, appellant's and Hart's, were burglary cases, that the jury would conclude that appellant had a criminal record or probation would apply in each case, and that injurious and prejudicial matters were before the jury panel.

Appellant cites *Pennington v. State*, 353 S.W.2d 451 (Tex.Cr.App.1962), in which in his voir dire examination of the jury, State's counsel stated, "I don't want to have to try this case again. It has already cost the State ten thousand dollars ($10,-000)," and the court held that such statement "injected injurious and prejudicial matter before the jury panel which was reasonably calculated to prevent a fair trial before an impartial jury."

■ The rule upon which appellant apparently relies is that when evidence that is prejudicial and harmful and which has little or no relevance to any issue in the case is admitted it generally requires reversal of the judgment. *Stanley v. State*, 606 S.W.2d 918, 919 (Tex.Cr.App.1980). In the instant case there was no reference to probation in the jury voir dire, while in the Hart case voir dire, which followed with the same panel, probation was discussed. Before the same jury panel it was shown that one defendant had applied for probation while the other did not. It is not improper on voir dire examination to tell the jurors of a motion for probation by a defendant, and to question them as to their

attitude concerning probation. *Rodriguez v. State*, 513 S.W.2d 22 (Tex.Cr.App.1974). There was no evidence before the jury panel concerning a prior conviction of appellant, and the trial court instructed the jury panel to consider only the evidence presented in each case. We find no authority that the fact that probation was called to the attention of the jury in one case and was not in another constitutes prejudicial injury to appellant calling for reversal. Appellant later, testifying in his own behalf, admitted that he had been convicted of the felony offense of aggravated robbery. We hold the trial court did not abuse its discretion, and ground of error one is overruled.

■ By his second ground of error appellant contends the trial court erred in requiring shackles to be placed on him while he was in the courtroom during the trial. The trial judge had a conference with counsel for the State and for appellant, and a portion of such conference was recorded in the statement of facts relating to leg irons having been placed on appellant. The trial judge stated that he knew of his own knowledge that appellant on two previous occasions successfully escaped from the jail on foot, and there was a third attempt by appellant during the instant trial, and that the court would "take due precautions to insure that the jury is not necessarily made aware that you are wearing leg irons during the course of the trial." The trial judge gave as an additional reason for leg irons that there had been "large number of escapes had from this courtroom" due to the arrangement of the courtroom and its proximity to the lobby and outside doors to the courthouse which open onto a busy intersection. The trial judge described the leg irons as handcuffs with a short chain between them.

Appellant's counsel then asked appellant if he understood that the case was to be tried with leg irons on him, and appellant said he did, and that he knew why. Then appellant's counsel said, "Actually, we're at a table, I guess the record should reflect, it should not at this point be visible to the jury as long as he's seated here."

Counsel then said, "For the record, we would object to it to preserve the question, Judge." After further discussion between the court and appellant's counsel, appellant proceeded to the witness chair in the absence of the jury, then testified before the jury on direct examination that he had previously been convicted of aggravated robbery by use of a deadly weapon (a pistol), and that he was arrested inside the W.E. Jones Kindergarten building at night time.

From the record we are not able to determine whether the leg irons were ever seen by the jury or were visible to the jury. Appellant took the witness stand in the absence of the jury, and after his testimony before the jury, the jury was excused from the courtroom. Nevertheless, we will address the ground of error. On appeal the test is whether the trial court abused its discretion in requiring a defendant to be tried with handcuffs or leg irons, and for proper review the record should contain the factual matters upon which the trial court based its discretionary decision. *Thompson v. State*, 514 S.W.2d 275, 278 (Tex.Cr. App.1974).

The old case of *Gray v. State*, 99 Tex. Cr.R. 305, 268 S.W. 941 (Tex.Cr.App.1925), has been quoted and cited many times for the rule applicable here:

> We desire to make it perfectly plain that we regard a trial with the prisoner in irons as obnoxious to the spirit of our laws and all ideas of justice, and it is only when the record brings the case clearly within one of the rare exceptions that we would consent for a conviction to stand. Before a judge should permit a case to proceed under such circumstances, he should be very sure of his ground.

The exceptions referred to in *Gray* are:

> ... on the other hand, if, in the sound discretion of the court, it appears necessary to retain his shackles to prevent the escape or self-destruction of the prisoner, or to prevent him from injuring bystanders or officers of the court, or if necessary to maintain a quiet and peaceable trial, the court may try the prisoner without having the shackles removed; his

action being subject to the closest scrutiny and review by the appellate court. 268 S.W. 949.

In the instant case the trial court stated into the record that appellant had escaped from custody twice, and had attempted to escape the previous night, hitting a woman in the stomach in such attempt. We hold that the record supports the action of the trial court in that it appeared necessary to retain appellant's leg irons to prevent his escape, and that in so acting the trial court did not abuse its discretion. *Freeman v. State*, 556 S.W.2d 287, 306 (Tex.Cr.App. 1977); *Thompson v. State, supra.* See *Smith v. State*, 638 S.W.2d 200, 202 (Tex. Cr.App.1982). Ground two is overruled.

■ Appellant next complains that the trial court erred in failing to grant his motion for mistrial because of the injection of extraneous offenses. The State's attorney was questioning Officer Bunting and asked him to explain an answer he had previously made on cross-examination, and Bunting made a voluntary and unresponsive answer: "They've had so much trouble with burglaries—," referring to the kindergarten school appellant was on trial for burglarizing. Appellant's objection was sustained as to the statement. Appellant then moved for a mistrial. The trial court overruled the motion for mistrial, and the court promptly instructed the jury to disregard the statement and not to consider it for any purpose, "and proceed as though it had not been made." We perceive no error. It is our view that the statement was not an inference that appellant had previously burglarized the building; in any event the statement was withdrawn from the jury. We hold that the appellant was not prejudiced by such voluntary statement of the witness since the trial court promptly withdrew it from the jury's consideration. The trial court complied with *Tomlinson v. State*, 422 S.W.2d 474 (Tex.Cr. App.1968), by telling the jury not to consider the voluntary statement about previous burglaries. Ground three is overruled.

Ground four complains of the admission of appellant's confession over his objection.

At appellant's request the trial court held a hearing in the absence of the jury concerning the admissibility of appellant's confession. At the hearing Officer Demaree testified he took the written confession from appellant in which appellant confessed to five separate burglaries. Demaree further testified that appellant gave the confession freely and voluntarily after being given a *Miranda* warning, and that appellant was not threatened or promised anything in order to cause him to make a statement. Officer Philip was present part of the time, and Officer Rix witnessed the confession. Appellant testified at the hearing that Officer Demaree said to him at the police station "come on in we're going to get your business straight, Johnny," and "Well, you can help us and we can help you." Appellant further testified that he told Demaree that he had not been involved in any other burglary, and then Demaree said "Well, you know what the deal is, you know your [sic] on parole and everything," and he thought what was said meant doing him bodily harm. He further said that Demaree told him that he, Demaree, would talk to the District Attorney and "see that only my parole would be revoked." At appellant's request he called his wife, and she came, and they talked. Appellant said he signed the confessions because of the promises made to him, and that he was scared of the officer because he had at some prior time kicked him.

Officer Demaree further testified at the hearing that he did not say if appellant got his business straight he would help appellant if appellant would help him; that he did not tell appellant he would talk to the district attorney; and that he did not promise appellant anything to give his statements.

The trial court admitted the confessions and stated his findings into the record and later reduced them to writing and filed them in the record in accord with art. 38.22, Tex.Code Cr.Proc. The court found that appellant was properly warned, that the confessions were given freely and voluntar-

ily, and that there was no force, threats, compulsion or persuasion used by any officer; that no promise was made that appellant would receive no punishment except revocation of parole.

The trial judge is the sole judge of the weight and credibility of the witnesses at a *Jackson v. Denno*[1] hearing, and he may choose to believe or disbelieve all or part of the testimony of any witness. *Myre v. State,* 545 S.W.2d 820, 824 (Tex.Cr. App.1977). Even though the evidence raised an issue of fact concerning the voluntary nature of appellant's statements, the record reveals that there was ample evidence to support the findings of the trial judge; therefore, we sustain the decision of the trial court that the confessions were voluntary and admissible. *Myre v. State, supra; Short v. State,* 511 S.W.2d 288, 290 (Tex.Cr.App.1974).

Appellant also argues that the delay in taking him before a magistrate had a direct causal connection on the admissibility of the confession. We disagree. At the hearing appellant did not claim that any delay in being taken before a magistrate had anything to do with his subsequent confession. No causal connection was shown between such delay and the giving of appellant's written confessions. *Hester v. State,* 544 S.W.2d 129, 135 (Tex.Cr.App. 1976); *Short v. State, supra,* at 290.

We find no reversible error; therefore, judgment of the trial court is affirmed.

1. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908    (1964).