Opinion issued October 13, 2005












In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00237-CR




WILBERT LILLIE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 962490




MEMORANDUM OPINION
          A jury convicted appellant, Wilbert Lillie, of aggravated robbery and assessed
punishment at 50 years in prison. See Tex. Pen. Code Ann. § 29.03 (Vernon 2004). 
We determine whether the trial court erred by failing to grant appellant’s motion for
mistrial after appellant assaulted the prosecutor in front of the jury and whether
appellant was denied due process by the trial court’s decision to allow testimony from
a deputy who had previously served as a bailiff in the trial proceedings. We affirm.Facts
           On September 22, 2003, Houston Police Department Narcotics Officer Dirk
Bogaard was working undercover in connection with an operation initiated to curtail
narcotics distribution in a particular area of town. Upon observing suspicious activity
on the part of appellant, Officer Bogaard approached appellant and said that he
wanted to buy some crack cocaine. Appellant agreed to sell Officer Bogaard the
crack cocaine on the condition that they go elsewhere to complete the deal. Appellant
got into Officer Bogaard’s car and began directing him to a location where they could
proceed with the transaction. At some point during the commute, appellant directed
Officer Bogaard to stop the car. Appellant then pointed a gun to Officer Bogaard’s
head and demanded money. Officer Bogaard surrendered $40 in cash and suggested
that appellant take the car. Appellant exited the passenger’s side of the car and began
to approach the driver’s side. At this point Officer Bogaard drew his gun and shot
appellant three times. Appellant was subsequently arrested, indicted, and found
guilty of aggravated robbery by the jury.
 
          During the punishment-phase cross-examination of appellant’s brother, John
Lillie, prosecutor Marc Brown suggested that appellant’s mother was once afraid
when appellant chased her around the house and threatened her with a pair of
scissors. At this point, appellant got up from his chair and attacked Prosecutor
Brown, striking him repeatedly about the face before being restrained. The following
day, defense counsel presented the court with a motion for mistrial because of the
attack, which motion the court denied.
          The punishment proceedings continued two days after the attack. Before the
punishment proceedings began, the trial court held a hearing outside the presence of
the jury. The prosecution made known to the court its intention of calling Deputy
Nunez to the stand to testify. Deputy Nunez had been in the courtroom at the time of
the attack and was one of the men who had helped restrain appellant. Defense
counsel objected to Deputy Nunez’s being allowed to testify because the deputy had
been present during the trial, acting as a bailiff since March 2, when he had relieved
Deputy Cepiel.


 Deputy Nunez stated that his direct contact with the jury had been
limited to letting the jury in and out of the courtroom on one occasion. The court
found that Deputy Nunez’s contact with the jury had been minimal and allowed him
to testify.Motion for Mistrial
          In his first point of error, appellant contends that the trial court abused its
discretion in denying his motion for mistrial. Specifically, he alleges that a fair and
impartial trial was not possible once the jury had witnessed appellant’s violent attack
upon Prosecutor Brown.
          We review a trial court’s denial of a motion for a mistrial under an abuse-of-discretion standard, recognizing that the court has broad powers to deal with
unexpected situations occurring at trial. See Ladd v. State, 3 S.W.3d 547, 567 (Tex.
Crim. App. 1999); Sapata v. State, 574 S.W.2d 770, 771 (Tex. Crim. App. 1978). We
must uphold the trial court’s ruling if it is within the zone of reasonable disagreement. 
Wead v. State 129 S.W.3d 126, 129 (Tex. Crim. App. 2004).
        The Sixth Amendment to the United States Constitution guarantees an accused
the right to trial by an impartial jury. Franklin v. State 138 S.W.3d 351, 356 (Tex.
Crim. App. 2004); see U.S. Const. amend. VI. A verdict rendered by a jury
influenced by prejudice or bias violates that right. See id. However, Texas has long
refused to permit an accused to profit in the form of receiving a mistrial ruling due
to his own misconduct. Chamberlain v. State, 453 S.W.2d 490, 493 (Tex. Crim. App.
1970) (refusing to find error in court’s overruling motion for mistrial after defendant
had gotten into scuffle with deputies in presence of jury).
          In Smith v. State, this Court was presented with facts similar to those presently
before it. 638 S.W.2d 200, 201 (Tex. App.—Houston [1st Dist.] 1982, pet. ref’d). 
In Smith, the appellant argued that a fair trial was not possible after he had attacked
the complaining witness in the jury’s presence. Id. at 202. In that case, this Court
considered the accused’s constitutional right to a trial by an impartial jury in the
context in which the accused stood to benefit from his own misconduct and found no
error in the trial court’s refusal to grant a mistrial. Id. at 201-02. We find Smith
controlling.
          Appellant contends that his constitutional right to trial by an impartial jury was
denied by the trial court’s allowing the same jury that had witnessed his attack on the
prosecutor to decide the terms of his punishment. Appellant overlooks the fact that
it was he who created any partiality by intentionally assaulting the prosecutor in front
of the jury. See Smith, 638 S.W.2d at 201-02.
          We overrule point of error one.
Testimony of Bailiff
          In his second point of error, appellant contends that he was denied due process 
when the court allowed Deputy Nunez to testify because the deputy’s prior contact
with the jury had been more than minimal.
          The Texas Code of Criminal Procedure provides that if a person is to be called
as a witness in a case, that person may not serve as bailiff. See Tex. Code Crim.
Proc. Ann. art. 36.24 (Vernon 1981). However, reversal is not automatically
mandated when the bailiff does in fact testify; instead, we must determine whether
there has been a showing of harm or prejudice as a result of the bailiff’s dual role. 
See Criado v. State, 438 S.W.2d 557, 560 (Tex. Crim. App. 1968); Reed v. State, 974
S.W.2d 838, 840 (Tex. App.—San Antonio 1998, pet. ref’d). In making this
determination, we examine the facts of each case to determine what, if any, impact
the bailiff’s testimony had on the jury. Criado, 438 S.W.2d at 559. Important factors
that we must assess in making this determination are (1) the extent of the bailiff’s
association with the jury and (2) the importance of the bailiff’s testimony. See Reed,
974 S.W.2d at 840; Onofre v. State, 836 S.W.2d 807, 811 (Tex. App.—Houston [1st
Dist.] 1992, pet. ref’d).
          Here, Deputy Nunez’s prior contact with the jury is analogous to that of the
bailiff in Reed, in which a key State’s witness had acted in a limited capacity as
bailiff. Reed, 974 S.W.2d at 840. In Reed, the court found no harm in allowing the
testimony of the bailiff because there was no evidence that he had had any personal
contact with any juror or even that he had exerted control over the jury (his contact
with the jury had been limited to his having escorted witnesses to the stand, having
adjusted the microphone and curtains, and having sat in a chair next to the jury box). 
Id. The relevant facts in this case are like those in Reed. Likewise, the importance
of Deputy Nunez’s testimony can be compared with that of the testimony presented
by the bailiff in Onofre, 836 S.W.2d at 811. In Onofre, this Court found no harm
when the bailiff’s testimony was limited to an uncontroverted fact that had been
obvious to the jury before the bailiff testified. Id.
           Deputy Nunez’s contact with the jury amounted to letting the jury out and back
into the courtroom on one occasion and was thus minimal. Furthermore, the scope
of his testimony was limited to describing appellant’s attack upon the prosecutor,
which had occurred in the presence of the jury. Accordingly, we hold that there was
no harm in the trial court’s decision to hear testimony from Deputy Nunez and,
therefore, that appellant’s due process rights were not violated.
          We overrule point of error two.
 

Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Tim Taft
                                                             Justice

Panel consists of Justices Taft, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).