NUMBER 13-09-00300-CR


 

COURT OF APPEALS


 

THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


JUAN JOSE DELGADO, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 347th District Court


 of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Benavides, and Vela


Memorandum Opinion by Justice Benavides



 Appellant, Juan Jose Delgado, appeals his conviction on four counts of indecency
with a child, enhanced to first-degree felonies by a prior felony conviction. See Tex. Penal
Code Ann. § 21.11 (Vernon Supp. 2009); id. § 12.42(b) (Vernon Supp. 2009). The trial
court sentenced Delgado to life imprisonment on all four counts, with the sentences to run
concurrently. See id. § 12.32 (Vernon Supp. 2009). By four issues on appeal, Delgado
argues (1) he was denied the opportunity to testify during the punishment phase of trial;
(2) his election to have the judge assess punishment was not made voluntarily and
intelligently, but was made solely on the advice of counsel; (3) he received ineffective
assistance of counsel because his attorney failed to admit certain evidence to mitigate
punishment; and (4) he received ineffective assistance of counsel where his counsel failed
to call a "valuable" witness during the punishment phase. We affirm.

I. Ineffective Assistance of Counsel (1)

 By his first issue, Delgado argues that his trial counsel knew that he wanted to testify
at the punishment phase of his trial, but failed to call him as a witness, denying him the
right to testify in his own defense. As explained below, we are required to treat Delgado's
first issue as an ineffective assistance of counsel claim, although it is not briefed as such. 
By his second issue, he argues that his election to have the trial court assess punishment
was not made voluntarily and intelligently, but solely based on the advice of counsel. 
Again, we believe that, although not briefed as such, this is an ineffective assistance of
counsel claim. By his third and fourth issues, Delgado asserts that he received ineffective
assistance of counsel because his attorney failed to admit his military service achievement
awards into evidence to mitigate punishment and failed to call his sister, Suzie Ramirez,
to testify at the punishment hearing. As we explain below, we disagree.

A. Standard of Review and Applicable Law

 We apply the two-pronged Strickland analysis to determine whether counsel's
representation was so deficient that it violated a defendant's constitutional right to effective
assistance of counsel. Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); 
Jaynes v. State, 216 S.W.3d 839, 851 (Tex. App.-Corpus Christi 2006, no pet.); see
Strickland v. Washington, 466 U.S. 668, 684 (1984). An appellant claiming a Strickland
violation must establish that (1) "his attorney's representation fell below an objective
standard of reasonableness, and (2) there is a reasonable probability that, but for his
attorney's errors, the result of the proceeding would have been different." Jaynes, 216
S.W.3d at 851; see Strickland, 466 U.S. at 687. We afford great deference to trial
counsel's ability--"an appellant must overcome the strong presumption that counsel's
conduct fell within the wide range of reasonable professional assistance." Jaynes, 216
S.W.3d at 851. The appellant must prove both elements of the Strickland test by a
preponderance of the evidence. Munoz v. State, 24 S.W.3d 427, 434 (Tex. App.-Corpus
Christi 2000, no pet.). 

 Typically, a silent record that provides no explanation for counsel's actions will not
overcome the strong presumption of effective assistance. Rylander v. State, 101 S.W.3d
107, 110-11 (Tex. Crim. App. 2003). In this case, however, Delgado filed a motion for new
trial, and the trial court held a hearing on his ineffective assistance claims. Because a
hearing was held at which Delgado presented evidence supporting his claim for ineffective
assistance of counsel claim, we construe his issues as challenges to the trial court's ruling
on the motion for new trial. Charles v. State, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004),
superseded by rule on other grounds, State v. Herndon, 215 S.W.3d 901 (Tex. Crim. App.
2007); Shanklin v. State, 190 S.W.3d 154, 158 (Tex. App.-Houston [1st Dist.] 2005), pet.
dism'd, 211 S.W.3d 315 (Tex. Crim. App. 2007). Under these circumstances, we review
the Strickland analysis through an abuse of discretion standard of review, and we will
reverse only if the trial court's decision is arbitrary or unreasonable, viewing the evidence
in the light most favorable to the ruling. My Thi Tieu v. State, 299 S.W.3d 216, 223 (Tex.
App.-Houston [14th Dist.] 2009, pet. ref'd); Shanklin, 190 S.W.3d at 158-59. 

 A trial court abuses its discretion by denying a motion for new trial only when no
reasonable view of the record could support the trial court's ruling. Charles, 146 S.W.3d
at 208; see also Carrera v. State, No. 04-09-00422-CR, 2010 WL 2679986, at *1 (Tex.
App.-San Antonio July 7, 2010, no pet. h.) (mem. op., not designated for publication). We
afford almost total deference to a trial court's determination of the historical facts and of
mixed questions of law and fact that turn on an evaluation of the credibility and demeanor
of the witnesses. Kober v. State, 988 S.W.2d 230, 233 (Tex. Crim. App. 1999). Because
the trial judge is the sole judge of the credibility of the witnesses, a trial court does not
abuse its discretion by denying a motion for new trial based on conflicting evidence. See
Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). Where the trial court has not
made explicit findings of fact, we will imply all findings necessary to support the ruling
"when such implicit factual findings are both reasonable and supported in the record." 
Johnson v. State, 169 S.W.3d 223, 239 (Tex. Crim. App. 2005). 

B. Denial of the Right to Testify

 In his brief, Delgado contends that his counsel denied him the right to testify by
failing to call him as a witness during the punishment hearing. (2) Although Delgado does not
couch his argument in terms of ineffective assistance of counsel, the Texas Court of
Criminal Appeals has held that such claims are properly reviewed as claims of ineffective
assistance of counsel subject to the Strickland analysis. See id. at 232-35.

 1. Background facts

 At the hearing on his motion for new trial, Delgado testified to the following
conversation with his trial lawyer, which he asserts occurred during the punishment phase
of trial:

 [Counsel]: Okay. When did you ask your lawyer--when did you
tell him you wanted to testify for your--on your behalf,
at the punishment hearing? This is after you'd been
found guilty. When did you tell your lawyer you wanted
to testify?

 

 [Delgado]: I think they took a quick recess. I--I don't really
remember. But, in between time, I had asked him, I
said, "Well, what do you think they're gonna--how
many years or what are they gonna do?" And he had
told me, "Well, anywhere from two to 20 years, that's
what he was looking at." I didn't say, "testify", but I said,
"Do I get to say something?"


 [Counsel]: Okay.


 [Delgado]: And, then after that, they were asking me about
some--some things from Leavenworth, and I just forgot
about it honestly.


 [Counsel]: So you didn't testify at punishment. Did--at any time
before the punishment hearing ended, did you say,
"Hey when do I get to say something?"


 [Delgado]: No, because I was stunned. I mean, I was stunned
after she gave--after she sentenced me. I'm like, I
mean, I was lost for words.


 [Counsel]: Did you think all that time you going to be given a
chance to testify?


 [Delgado]: I actually thought I was--somewhere inbetween [sic]
there I was gonna say something, but I figured after she
had sentenced me it's a little bit late to do anything
about it then.


 Delgado's trial counsel testified that he did not remember Delgado indicating that
he wanted to testify. He stated that his feeling at the time was to "try to tell [Delgado's]
story through other people, specifically his family." Delgado's trial counsel testified that he
did not think it was a good idea for Delgado to testify:

 I--I felt like if I called him during punishment, it would put him in kind of an
awkward position. I've seen district attorneys bang on defendants at
punishment, in terms of, "so you're not willing to accept responsibility." And
I really kind of had a concern there and what that might do, you know, in
terms of the decision.


Later in the hearing, Delgado's trial counsel recalled "some discussion at some point" and
recalled Delgado "asking me what my recommendation would be." He recalled telling
Delgado that he recommended that Delgado not testify because, 

 under the circumstances, with family members here, that I thought would be
able to talk about his military background, effectively. Again, in my opinion,
to keep him off the stand and not put him in what I thought might be an
awkward position, where counsel, the district attorney, is trying to make it
seem as if he's not willing to accept responsibility.


 2. Analysis


 While the defendant must make the ultimate decision on whether to testify, counsel
may advise him on the advantages and disadvantages. Sapata v. State, 574 S.W.2d 770,
771 (Tex. Crim. App. 1978); Hebert v. State, 836 S.W.2d 252, 255 (Tex. App.-Houston
[1st Dist.] 1992, pet. ref'd) (op. on rehr'g). Delgado does not claim that his counsel's advice
that Delgado not testify was deficient or that he was somehow misled into believing that
he was not allowed to testify. See Sapata, 574 S.W.2d at 771; see also Adams v. State,
13-09-00334-CR, 2010 WL 2783745, at *13 (Tex. App.- Corpus Christi July 15, 2010, no
pet. h.) (mem. op., not designated for publication). The evidence presented to the trial
court in this case about whether Delgado actually decided to testify on his own behalf was
conflicting. While Delgado claims he told his counsel, in not so many words, that he
wanted to testify, his trial counsel testified that he did not recall Delgado telling him that he
wanted to testify. At most, Delgado's trial counsel stated that they discussed it, and
Delgado asked for his attorney's recommendation, which was that Delgado not testify. The
trial court, as the exclusive judge of the credibility of the witnesses, was entitled to believe
that Delgado never made it known to his trial counsel that he wanted to exercise his right
to testify. Kober, 988 S.W.2d at 233; see also Barron v. State, No. 05-08-00637-CR, 2010
WL 1294078, at *4 (Tex. App.-Dallas Apr. 6, 2010, no pet.) (mem. op., not designated for
publication) (holding that where record showed that defendant decided not to testify and
was not coerced by his attorney, the record did not establish ineffective assistance). 
Therefore, the trial court did not abuse its discretion in determining that counsel was not
ineffective in failing to call Delgado as a witness, and we overrule Delgado's first issue. 

C. Election of Trial Court to Assess Punishment 


 By his second issue, Delgado argues that he "did not understand what he was
signing when his lawyer recommended he elect the judge for punishment instead of the
jury." Delgado claims that his trial counsel recommended the judge because he thought
the judge would be more lenient, and he went with his recommendation "without knowing
what he was doing." 

 Delgado points to the following testimony from the new trial hearing to support his
argument, where he testified that his attorney advised him to elect the trial court for
punishment:

 [Counsel]: At the time did you understand what you were signing?


 [Delgado]: No, ma'am.


 [Counsel]: How did you not understand it? What was explained to
you?


 [Delgado]: Um, [my attorney] had told me that if they find me guilty,
that, um, either I could have--choose the jury or the
judge to sentence me. And I told him, well,--I asked
him what he recommended, 'cause I didn't know, of
course. And he said he would recommend the judge,
because she would be more lenient. And I said, "Then
we'll go with your recommendation." And that was it. 
That's all that was said. I signed the paper work and we
moved on.


 [Counsel]: Okay. At what time--at what stage during the trial did
you realize what that meant? Did you--did you still not
understand what that meant or what did you not
understand the consequences of?


 [Delgado]: I mean, everything. I--I just--I just--my mind wasn't
completely with me, and I didn't realize that--I just
didn't understand it. I'm sorry.


 [Counsel]: Do you have a personal opinion as to whether the judge
or the jury would have been elected?


 [Delgado]: Well, I mean after--


 [Counsel]: Do you understand it now?


 [Delgado]: --after the fact, yes. I mean, after the fact, I should
have gone with the--with the jury.


 [Counsel]: Why do you think that?


 [Delgado]: I thought--I mean, I--personally, I thought they might
be more lenient, you know, but can't do anything about
it now.


 When questioned about Delgado's claim, trial counsel testified that he explained,
in detail, the election of punishment to Delgado. Delgado's attorney testified that he had
"no reason to believe" that Delgado did not understand his options. He said that he
recommended electing the judge for sentencing because the judge was a "good Judge"
and because the jury would be "livid" when it found out that the defendant had a prior
sexual offense, which would be used to enhance the punishment.

 Delgado concedes that the procedures for electing punishment by the trial court
were followed, see Tex. Code Crim. Proc. Ann. art. 37.07 § 2(b) (Vernon 2006), but he
argues that his election was not voluntary because trial counsel did not fully explain what
he signed to elect punishment by the judge, and he relied solely on trial counsel's advice. 
Under these circumstances, we construe this argument as a claim for ineffective
assistance of counsel, and we hold that the trial court did not abuse its discretion in
rejecting Delgado's arguments.

 First, as above, the trial court was presented with conflicting testimony regarding
whether Delgado understood the election of punishment; it was within the trial court's
discretion to disbelieve Delgado's testimony and to credit trial counsel's testimony. Kober,
988 S.W.2d at 233; see also Barron, 2010 WL 1294078, at *4. Second, we decline to hold
that Delgado's after-the-fact hunch that the jury would have been more lenient than the
judge is enough to show prejudice here. The trial court was presented with a valid reason
for electing the judge to assess punishment--Delgado had a prior conviction for sexual
assault that would inflame the jury. On this record, the trial court did not abuse its
discretion in finding that Delgado did not show ineffective assistance of counsel. Kober,
988 S.W.2d at 233; see also Barron, 2010 WL 1294078, at *4. We overrule Delgado's
second issue. 

D. Failure to Introduce Military Achievement and Awards and Failure to Call
Delgado's Sister as a Witness


 By his third issue, Delgado argues that he received ineffective assistance of counsel
because, at the punishment hearing, trial counsel failed to admit Delgado's military service
awards into evidence and failed to present evidence of Delgado's alcoholism and
depression he suffered as a result of his military service. By his fourth issue, Delgado
argues that his trial counsel failed to call his sister, Suzie Ramirez, as a witness. Ramirez
would have testified that (1) Delgado served in the military for eighteen years; (2) Delgado
was dedicated to his church and family, particularly to his parents and brother when their
health was failing; and (3) Delgado raised a responsible and caring stepson. 

 We disagree that these allegations amount to ineffective assistance of counsel.
Delgado called his brother, Gilbert Delgado, to testify. Gilbert testified that Delgado served
in the military and that during his service in Beirut, Delgado had to pick up "body parts,
what have you[;] I am talking by a head, leg, this and that. It had to play a big role as far
as things that lead onto some drinking, drugs and alcohol." Gilbert also described
Delgado's military service in Lebanon, Panama, and Grenada. Finally, Gilbert testified that
Delgado had spent time with his brother and his parents while they were ill:

 I reminded everybody, my brother come over here, took care and bonded
with my brother for the last time, never to see him again, got to see him, got
to be with him his last days, take care of him what have you. Same thing
with my dad. That was hard. That was real hard. Then with my mom, the
same way. She had a stroke to take care of her, you know, and that's the
best I can tell you as far as [Delgado's] last days here with us before he got
brought over here. But anyways, I was proud of him. He took care of my
mom, was going by the book, doing everything the way he should have, what
have you, working, well liked. 

 

 An attorney's strategic decision to not call a witness will be reviewed only if there
was no plausible basis for not calling the witness, and the failure to call witnesses whose
testimony is of marginal benefit does not amount to ineffective assistance of counsel when
the totality of counsel's representation was acceptable. See Velasquez v. State, 941
S.W.2d 303, 310 (Tex. App.-Corpus Christi 1997, pet. ref'd); Ordonez v. State, 806
S.W.2d 895, 900 (Tex. App.-Corpus Christi 1991, pet. ref'd). Although Delgado's military
service awards were not admitted into evidence, the trial court did hear evidence of his
military service, and Gilbert testified to nearly all the things that Delgado asserts that his
sister should have been called to discuss. Under these circumstances, Delgado has not
proved that counsel's performance was deficient, and the trial court did not abuse its
discretion in so determining.

 Moreover, Delgado has failed to prove the second prong of Strickland. At the
hearing on punishment, the State introduced a prior conviction for purposes of
enhancement, pursuant to which Delgado was sentenced to thirty years' imprisonment for
raping his daughter. Delgado pleaded "true" to the enhancement, and the State admitted
into evidence a stipulation of the facts surrounding the rape. At the hearing on the motion
for new trial, in denying Delgado's motion, the trial court stated:

 It's been a month, or whatever, since I heard this case, but I remember
evidence regarding his military career and some of the conflicts he was
involved in. If I recall correctly, some of that came through his family. And
I'm always admirable of that, absolutely. But as a factfinder, that prior
offense, what it was for, regardless of whether you're saying you're guilty or
not, there was a conviction of guilt, the details of that, that was submitted as
evidence as a packet, worked against you, very much so.


The trial court judge expressly stated that she considered Delgado's military service and
his family's testimony, but the court found the prior conviction for rape of his daughter to
be a significant factor in sentencing. There is simply no evidence in the record that, but
for trial counsel's failure to introduce more evidence about his military service and family
life, the result would have, in reasonable probability, been different. See Tutt v. State, 940
S.W.2d 114, 121 (Tex. App.-Tyler 1996, no pet) (holding that defendant failed to prove
prejudice where evidence he claimed his trial counsel should have offered was cumulative
of other evidence presented at trial). Accordingly, the trial court did not abuse its discretion
in denying the motion for new trial, and we overrule Delgado's third and fourth issues.

II. Conclusion

 Having overruled all of Delgado's issues, we affirm the trial court's judgment.


 __________________________

 GINA M. BENAVIDES,

 Justice


Do not publish.

Tex. R. App. P. 47.2(b)


Delivered and filed the

19th day of August, 2010.

1. As this is a memorandum opinion and the parties are familiar with the facts of the case, we will not
recite them here except as necessary to advise the parties of this Court's decision and the basic reasons for
it. See Tex. R. App. P. 47.4.
2. Although his brief seems to suggest that he also blames the trial judge for his inability to testify,
Delgado does not point to anything in the record demonstrating that he requested the trial court to allow him
to testify. The trial court does not have a duty to ensure, sua sponte, that Delgado understood his
constitutional right to testify. See Johnson v. State, 169 S.W.3d 223, 232-35 (Tex. Crim. App. 2005); see also
Carballo v. State, 303 S.W.3d 742, 751-52 (Tex. App.-Houston [1st Dist.] July 30, 2009), pet. stricken by No.
PD-1791-09, 2010 WL 2006746 (Tex. Crim. App. May 19, 2010).