

**NUMBER 13-09-00300-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**JUAN JOSE DELGADO,**                                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                      **Appellee.**

---

**On appeal from the 347th District Court
of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Vela
Memorandum Opinion by Justice Benavides**

Appellant, Juan Jose Delgado, appeals his conviction on four counts of indecency

with a child, enhanced to first-degree felonies by a prior felony conviction. *See* TEX. PENAL

CODE ANN. § 21.11 (Vernon Supp. 2009); *id.* § 12.42(b) (Vernon Supp. 2009). The trial

court sentenced Delgado to life imprisonment on all four counts, with the sentences to run

concurrently. *See id.* § 12.32 (Vernon Supp. 2009). By four issues on appeal, Delgado argues (1) he was denied the opportunity to testify during the punishment phase of trial; (2) his election to have the judge assess punishment was not made voluntarily and intelligently, but was made solely on the advice of counsel; (3) he received ineffective assistance of counsel because his attorney failed to admit certain evidence to mitigate punishment; and (4) he received ineffective assistance of counsel where his counsel failed to call a "valuable" witness during the punishment phase. We affirm.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL[1]

By his first issue, Delgado argues that his trial counsel knew that he wanted to testify at the punishment phase of his trial, but failed to call him as a witness, denying him the right to testify in his own defense. As explained below, we are required to treat Delgado's first issue as an ineffective assistance of counsel claim, although it is not briefed as such. By his second issue, he argues that his election to have the trial court assess punishment was not made voluntarily and intelligently, but solely based on the advice of counsel. Again, we believe that, although not briefed as such, this is an ineffective assistance of counsel claim. By his third and fourth issues, Delgado asserts that he received ineffective assistance of counsel because his attorney failed to admit his military service achievement awards into evidence to mitigate punishment and failed to call his sister, Suzie Ramirez, to testify at the punishment hearing. As we explain below, we disagree.

## A.      Standard of Review and Applicable Law

We apply the two-pronged *Strickland* analysis to determine whether counsel's

---

[1] As this is a memorandum opinion and the parties are familiar with the facts of the case, we will not recite them here except as necessary to advise the parties of this Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

representation was so deficient that it violated a defendant's constitutional right to effective assistance of counsel. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.–Corpus Christi 2006, no pet.); *see Strickland v. Washington*, 466 U.S. 668, 684 (1984). An appellant claiming a *Strickland* violation must establish that (1) "his attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different." *Jaynes*, 216 S.W.3d at 851; *see Strickland*, 466 U.S. at 687. We afford great deference to trial counsel's ability—"an appellant must overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Jaynes*, 216 S.W.3d at 851. The appellant must prove both elements of the *Strickland* test by a preponderance of the evidence. *Munoz v. State*, 24 S.W.3d 427, 434 (Tex. App.–Corpus Christi 2000, no pet.).

Typically, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of effective assistance. *Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003). In this case, however, Delgado filed a motion for new trial, and the trial court held a hearing on his ineffective assistance claims. Because a hearing was held at which Delgado presented evidence supporting his claim for ineffective assistance of counsel claim, we construe his issues as challenges to the trial court's ruling on the motion for new trial. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004), *superseded by rule on other grounds*, *State v. Herndon*, 215 S.W.3d 901 (Tex. Crim. App. 2007); *Shanklin v. State*, 190 S.W.3d 154, 158 (Tex. App.–Houston [1st Dist.] 2005), *pet. dism'd*, 211 S.W.3d 315 (Tex. Crim. App. 2007). Under these circumstances, we review

3

the *Strickland* analysis through an abuse of discretion standard of review, and we will reverse only if the trial court's decision is arbitrary or unreasonable, viewing the evidence in the light most favorable to the ruling. *My Thi Tieu v. State,* 299 S.W.3d 216, 223 (Tex. App.–Houston [14th Dist.] 2009, pet. ref'd); *Shanklin*, 190 S.W.3d at 158-59.

A trial court abuses its discretion by denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Charles*, 146 S.W.3d at 208; *see also Carrera v. State*, No. 04-09-00422-CR, 2010 WL 2679986, at *1 (Tex. App.–San Antonio July 7, 2010, no pet. h.) (mem. op., not designated for publication). We afford almost total deference to a trial court's determination of the historical facts and of mixed questions of law and fact that turn on an evaluation of the credibility and demeanor of the witnesses. *Kober v. State*, 988 S.W.2d 230, 233 (Tex. Crim. App. 1999). Because the trial judge is the sole judge of the credibility of the witnesses, a trial court does not abuse its discretion by denying a motion for new trial based on conflicting evidence. *See Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). Where the trial court has not made explicit findings of fact, we will imply all findings necessary to support the ruling "when such implicit factual findings are both reasonable and supported in the record." *Johnson v. State*, 169 S.W.3d 223, 239 (Tex. Crim. App. 2005).

## B.    Denial of the Right to Testify

In his brief, Delgado contends that his counsel denied him the right to testify by failing to call him as a witness during the punishment hearing.[2] Although Delgado does not

---

[2] Although his brief seems to suggest that he also blames the trial judge for his inability to testify, Delgado does not point to anything in the record demonstrating that he requested the trial court to allow him to testify. The trial court does not have a duty to ensure, *sua sponte*, that Delgado understood his constitutional right to testify. *See Johnson v. State*, 169 S.W.3d 223, 232-35 (Tex. Crim. App. 2005); *see also Carballo v. State*, 303 S.W.3d 742, 751-52 (Tex. App.–Houston [1st Dist.] July 30, 2009), *pet. stricken by* No.

couch his argument in terms of ineffective assistance of counsel, the Texas Court of Criminal Appeals has held that such claims are properly reviewed as claims of ineffective assistance of counsel subject to the *Strickland* analysis. *See id.* at 232-35.

## 1. Background facts

At the hearing on his motion for new trial, Delgado testified to the following conversation with his trial lawyer, which he asserts occurred during the punishment phase of trial:

| [Counsel]: | Okay. When did you ask your lawyer—when did you tell him you wanted to testify for your—on your behalf, at the punishment hearing? This is after you'd been found guilty. When did you tell your lawyer you wanted to testify? |
|---|---|
| [Delgado]: | I think they took a quick recess. I—I don't really remember. But, in between time, I had asked him, I said, "Well, what do you think they're gonna—how many years or what are they gonna do?" And he had told me, "Well, anywhere from two to 20 years, that's what he was looking at." I didn't say, "testify", but I said, "Do I get to say something?" |
| [Counsel]: | Okay. |
| [Delgado]: | And, then after that, they were asking me about some—some things from Leavenworth, and I just forgot about it honestly. |
| [Counsel]: | So you didn't testify at punishment. Did—at any time before the punishment hearing ended, did you say, "Hey when do I get to say something?" |
| [Delgado]: | No, because I was stunned. I mean, I was stunned after she gave—after she sentenced me. I'm like, I mean, I was lost for words. |
| [Counsel]: | Did you think all that time you going to be given a |

PD-1791-09, 2010 WL 2006746 (Tex. Crim. App. May 19, 2010).

5

chance to testify?

[Delgado]:        I actually thought I was—somewhere inbetween [sic] there I was gonna say something, but I figured after she had sentenced me it's a little bit late to do anything about it then.

Delgado's trial counsel testified that he did not remember Delgado indicating that he wanted to testify. He stated that his feeling at the time was to "try to tell [Delgado's] story through other people, specifically his family." Delgado's trial counsel testified that he did not think it was a good idea for Delgado to testify:

> I—I felt like if I called him during punishment, it would put him in kind of an awkward position. I've seen district attorneys bang on defendants at punishment, in terms of, "so you're not willing to accept responsibility." And I really kind of had a concern there and what that might do, you know, in terms of the decision.

Later in the hearing, Delgado's trial counsel recalled "some discussion at some point" and recalled Delgado "asking me what my recommendation would be." He recalled telling Delgado that he recommended that Delgado not testify because,

> under the circumstances, with family members here, that I thought would be able to talk about his military background, effectively. Again, in my opinion, to keep him off the stand and not put him in what I thought might be an awkward position, where counsel, the district attorney, is trying to make it seem as if he's not willing to accept responsibility.

**2. Analysis**

While the defendant must make the ultimate decision on whether to testify, counsel may advise him on the advantages and disadvantages. *Sapata v. State,* 574 S.W.2d 770, 771 (Tex. Crim. App. 1978); *Hebert v. State,* 836 S.W.2d 252, 255 (Tex. App.–Houston [1st Dist.] 1992, pet. ref'd) (op. on rehr'g). Delgado does not claim that his counsel's advice that Delgado not testify was deficient or that he was somehow misled into believing that

6

he was not allowed to testify. *See Sapata,* 574 S.W.2d at 771; *see also Adams v. State*, 13-09-00334-CR, 2010 WL 2783745, at *13 (Tex. App.– Corpus Christi July 15, 2010, no pet. h.) (mem. op., not designated for publication). The evidence presented to the trial court in this case about whether Delgado actually decided to testify on his own behalf was conflicting. While Delgado claims he told his counsel, in not so many words, that he wanted to testify, his trial counsel testified that he did not recall Delgado telling him that he wanted to testify. At most, Delgado's trial counsel stated that they discussed it, and Delgado asked for his attorney's recommendation, which was that Delgado not testify. The trial court, as the exclusive judge of the credibility of the witnesses, was entitled to believe that Delgado never made it known to his trial counsel that he wanted to exercise his right to testify. *Kober*, 988 S.W.2d at 233; *see also Barron v. State,* No. 05-08-00637-CR, 2010 WL 1294078, at *4 (Tex. App.–Dallas Apr. 6, 2010, no pet.) (mem. op., not designated for publication) (holding that where record showed that defendant decided not to testify and was not coerced by his attorney, the record did not establish ineffective assistance). Therefore, the trial court did not abuse its discretion in determining that counsel was not ineffective in failing to call Delgado as a witness, and we overrule Delgado's first issue.

## C.      Election of Trial Court to Assess Punishment

By his second issue, Delgado argues that he "did not understand what he was signing when his lawyer recommended he elect the judge for punishment instead of the jury." Delgado claims that his trial counsel recommended the judge because he thought the judge would be more lenient, and he went with his recommendation "without knowing what he was doing."

Delgado points to the following testimony from the new trial hearing to support his

7

argument, where he testified that his attorney advised him to elect the trial court for punishment:

[Counsel]: At the time did you understand what you were signing?

[Delgado]: No, ma'am.

[Counsel]: How did you not understand it? What was explained to you?

[Delgado]: Um, [my attorney] had told me that if they find me guilty, that, um, either I could have—choose the jury or the judge to sentence me. And I told him, well,—I asked him what he recommended, 'cause I didn't know, of course. And he said he would recommend the judge, because she would be more lenient. And I said, "Then we'll go with your recommendation." And that was it. That's all that was said. I signed the paper work and we moved on.

[Counsel]: Okay. At what time—at what stage during the trial did you realize what that meant? Did you—did you still not understand what that meant or what did you not understand the consequences of?

[Delgado]: I mean, everything. I—I just—I just—my mind wasn't completely with me, and I didn't realize that—I just didn't understand it. I'm sorry.

[Counsel]: Do you have a personal opinion as to whether the judge or the jury would have been elected?

[Delgado]: Well, I mean after—

[Counsel]: Do you understand it now?

[Delgado]: —after the fact, yes. I mean, after the fact, I should have gone with the—with the jury.

[Counsel]: Why do you think that?

[Delgado]: I thought—I mean, I—personally, I thought they might be more lenient, you know, but can't do anything about it now.

8

When questioned about Delgado's claim, trial counsel testified that he explained, in detail, the election of punishment to Delgado. Delgado's attorney testified that he had "no reason to believe" that Delgado did not understand his options. He said that he recommended electing the judge for sentencing because the judge was a "good Judge" and because the jury would be "livid" when it found out that the defendant had a prior sexual offense, which would be used to enhance the punishment.

Delgado concedes that the procedures for electing punishment by the trial court were followed, *see* TEX. CODE CRIM. PROC. ANN. art. 37.07 § 2(b) (Vernon 2006), but he argues that his election was not voluntary because trial counsel did not fully explain what he signed to elect punishment by the judge, and he relied solely on trial counsel's advice. Under these circumstances, we construe this argument as a claim for ineffective assistance of counsel, and we hold that the trial court did not abuse its discretion in rejecting Delgado's arguments.

First, as above, the trial court was presented with conflicting testimony regarding whether Delgado understood the election of punishment; it was within the trial court's discretion to disbelieve Delgado's testimony and to credit trial counsel's testimony. *Kober*, 988 S.W.2d at 233; *see also Barron,* 2010 WL 1294078, at *4. Second, we decline to hold that Delgado's after-the-fact hunch that the jury would have been more lenient than the judge is enough to show prejudice here. The trial court was presented with a valid reason for electing the judge to assess punishment—Delgado had a prior conviction for sexual assault that would inflame the jury. On this record, the trial court did not abuse its discretion in finding that Delgado did not show ineffective assistance of counsel. *Kober*,

9

988 S.W.2d at 233; *see also Barron,* 2010 WL 1294078, at *4. We overrule Delgado's second issue.

**D.      Failure to Introduce Military Achievement and Awards and Failure to Call Delgado's Sister as a Witness**

By his third issue, Delgado argues that he received ineffective assistance of counsel because, at the punishment hearing, trial counsel failed to admit Delgado's military service awards into evidence and failed to present evidence of Delgado's alcoholism and depression he suffered as a result of his military service. By his fourth issue, Delgado argues that his trial counsel failed to call his sister, Suzie Ramirez, as a witness. Ramirez would have testified that (1) Delgado served in the military for eighteen years; (2) Delgado was dedicated to his church and family, particularly to his parents and brother when their health was failing; and (3) Delgado raised a responsible and caring stepson.

We disagree that these allegations amount to ineffective assistance of counsel. Delgado called his brother, Gilbert Delgado, to testify. Gilbert testified that Delgado served in the military and that during his service in Beirut, Delgado had to pick up "body parts, what have you[;] I am talking by a head, leg, this and that. It had to play a big role as far as things that lead onto some drinking, drugs and alcohol." Gilbert also described Delgado's military service in Lebanon, Panama, and Grenada. Finally, Gilbert testified that Delgado had spent time with his brother and his parents while they were ill:

> I reminded everybody, my brother come over here, took care and bonded with my brother for the last time, never to see him again, got to see him, got to be with him his last days, take care of him what have you. Same thing with my dad. That was hard. That was real hard. Then with my mom, the same way. She had a stroke to take care of her, you know, and that's the best I can tell you as far as [Delgado's] last days here with us before he got brought over here. But anyways, I was proud of him. He took care of my

10

mom, was going by the book, doing everything the way he should have, what have you, working, well liked.

An attorney's strategic decision to not call a witness will be reviewed only if there was no plausible basis for not calling the witness, and the failure to call witnesses whose testimony is of marginal benefit does not amount to ineffective assistance of counsel when the totality of counsel's representation was acceptable. *See Velasquez v. State*, 941 S.W.2d 303, 310 (Tex. App.–Corpus Christi 1997, pet. ref'd); *Ordonez v. State*, 806 S.W.2d 895, 900 (Tex. App.–Corpus Christi 1991, pet. ref'd). Although Delgado's military service awards were not admitted into evidence, the trial court did hear evidence of his military service, and Gilbert testified to nearly all the things that Delgado asserts that his sister should have been called to discuss. Under these circumstances, Delgado has not proved that counsel's performance was deficient, and the trial court did not abuse its discretion in so determining.

Moreover, Delgado has failed to prove the second prong of *Strickland*. At the hearing on punishment, the State introduced a prior conviction for purposes of enhancement, pursuant to which Delgado was sentenced to thirty years' imprisonment for raping his daughter. Delgado pleaded "true" to the enhancement, and the State admitted into evidence a stipulation of the facts surrounding the rape. At the hearing on the motion for new trial, in denying Delgado's motion, the trial court stated:

> It's been a month, or whatever, since I heard this case, but I remember evidence regarding his military career and some of the conflicts he was involved in. If I recall correctly, some of that came through his family. And I'm always admirable of that, absolutely. But as a factfinder, that prior offense, what it was for, regardless of whether you're saying you're guilty or not, there was a conviction of guilt, the details of that, that was submitted as evidence as a packet, worked against you, very much so.

11

The trial court judge expressly stated that she considered Delgado's military service and his family's testimony, but the court found the prior conviction for rape of his daughter to be a significant factor in sentencing. There is simply no evidence in the record that, but for trial counsel's failure to introduce more evidence about his military service and family life, the result would have, in reasonable probability, been different. *See Tutt v. State,* 940 S.W.2d 114, 121 (Tex. App.–Tyler 1996, no pet) (holding that defendant failed to prove prejudice where evidence he claimed his trial counsel should have offered was cumulative of other evidence presented at trial). Accordingly, the trial court did not abuse its discretion in denying the motion for new trial, and we overrule Delgado's third and fourth issues.

## II. CONCLUSION

Having overruled all of Delgado's issues, we affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)

Delivered and filed the
19th day of August, 2010.

12